123　197
125　660

123　197
e127　621

## MOSELEY v. SCHOFIELD'S SONS COMPANY.

1. In a suit for damages on account of personal injuries, brought by a servant against his master, where, among various allegations of negligence, it is charged that the defendant failed to furnish the plaintiff a safe place in which to work, and it affirmatively appears from the petition that the plaintiff's injuries were not caused by the character of the place in which he was put to work, or in any manner connected therewith, such an allegation of negligence can not be made the basis of a recovery.

2. A master is liable for injuries to his servant caused by the concurrent negligence of a vice-principal of the master and fellow-servants of the servant injured.

3. The petition in the present case was not open to the objection that it did not make it appear that the servant was himself free from fault, or that he had not equal means with the master of knowing of the defective condition of the appliance which caused his injuries.

Argued April 10, — Decided June 14, 1905.

Action for damages. Before Judge Hodges. City court of Macon. October 1, 1904.

*T. S. Felder* and *Arnold & Arnold*, for plaintiff.
*Malcolm D. Jones*, for defendant.

CANDLER, J. This case comes up on exceptions to the sustaining of a demurrer to the plaintiff's petition. The material allegations of the petition were, in substance, as follows: The defendant, a corporation, is engaged in a general iron business, and in the business of erecting smokestacks and iron structures, taking contracts and subcontracts for that purpose. At a time designated, the defendant, as a subcontractor, was "doing certain work" upon the plant of a corporation in Alabama, and the plaintiff was employed by the defendant in connection with that work. He was a new man in the defendant's employment, having just been employed on the day before the occurrence out of which the suit arose, and having just gone to work on that day. He "was employed by the superintendent, or foreman, in charge of said work," and was told that his duties were to do such things as might be required of him. He was at first put to work helping unload a car of material, but subsequently one of the defendant's employees engaged in working on the smokestack quit, and the superintendent ordered the plaintiff to take his place. Accordingly, he mounted the structure through which the stack went. This structure was de-

scribed more or less minutely, but its description has little bearing upon the questions at issue. At the top of the smokestack was a pole, or shaft, and at the end of this was a block, or pulley, over which a rope ran. One end of the rope was pulled by an employee standing on the brick structure already mentioned, while the other end, which had a hook in it, was attached to a piece of steel or iron, and by this means the different parts of the smokestack were raised into position. The plaintiff was a newcomer, and was not familiar with the appliances which the defendant was using. He was ordered to pull the rope, for the purpose of raising the iron sheet up the stack to a point where other employees were to work on it. While he was engaged in this work, the iron dropped from the hook and fell upon him, inflicting injuries for which he sued. The allegations of negligence were as follows: "Defendant was negligent in divers particulars. Defendant failed to exercise ordinary care in furnishing plaintiff a safe place in which to work. Defendant's superintendent and employees other than plaintiff had negligently put a weak and defective hook at the end of the rope where it was attached to the said piece of iron. The said hook, being a thin piece of wire bent up, and being only about one eighth of an inch in diameter, was wholly inadequate to hold the said piece of iron, which piece of iron weighed about one hundred and fifty pounds. And when the said sheet of iron was being lifted up, the said hook, on account of its inadequacy and weakness, bent out, lost its shape, and straightened and bent to such an extent that the iron slipped and pulled off of it. Plaintiff had no knowledge of said defective condition, and had not hooked the hook to the iron piece, and was a newcomer, and was not aware of the danger he was placed in. Defendant failed to exercise ordinary care in using said weak and inadequate hook. Defendant's superintendent and other employees at work knew that the said hook was defective, and had warning thereof, but failed to secure a good and strong one. Defendant's employees negligently placed a sheet of iron weighing one hundred and fifty pounds or thereabouts on said hook. Defendant failed to furnish plaintiff a safe place in which to work. In all these particulars defendant was negligent." The demurrer was upon the grounds that (1) no cause of action was set out; (2) the petition fails to

show that the plaintiff was free from fault; (3) it affirmatively appears that the plaintiff was at fault; (4) the petition fails to show that by the exercise of ordinary and reasonable diligence the plaintiff could not have avoided the injury complained of; (5) it affirmatively appears that the defect in the hook alleged to have caused the injury was patent, and could have been discovered by the plaintiff by the exercise of ordinary diligence; (6) the petition fails to show that the plaintiff did not have equal means with the defendant of knowing of the defect in the hook; and (7) the petition shows that the injury complained of was due to the negligence of the plaintiff's fellow-servants. The defendant also demurred specially to the following language in the ninth paragraph of the petition: "Defendant was negligent in divers particulars. Defendant failed to exercise ordinary care and in furnishing plaintiff a safe place in which to work."

1. It will be observed from a reading of the allegations of negligence contained in the petition, which we have quoted in full, that the charge that the defendant failed to furnish the plaintiff a safe place in which to work is repeated, being contained in two different paragraphs of the petition. The special demurrer went only to one of these paragraphs, and so, even if sustained, would leave this charge of negligence still in the petition. It may be conceded, however, that the place where the plaintiff was put to work by his employer was all that it was intended to charge against it, and the plaintiff could not recover on these allegations; for it affirmatively appears that the injury of which he complains was in no way due to the character of the place in which he was put to work. The use of a defective appliance was, according to his petition, the real cause of his injuries. It is therefore unnecessary to discuss further the allegations that the defendant was negligent in failing to provide a safe place for the plaintiff to work; for it needs no citation of authority to sustain the proposition that negligence, to be the basis of a recovery, must be connected with the injury which is the subject of the suit.

2, 3. The grounds of the demurrer which are general in their nature may, for the sake of convenience, be divided into two general classes, viz., those which attack the petition on the ground that it does not show that the plaintiff was himself free from fault; and those which contend that it appears from the petition

that the plaintiff's injuries were the result of the negligence of a fellow-servant, for which the master is not liable. Considering the last contention first, we think it clear that the allegations of the petition were sufficient to put the defendant on proof as to the real authority of its alleged superintendent. While that individual is described as a "superintendent, or foreman," and while neither of these words necessarily imports that the one to whom they were applied was the alter ego of the defendant, it was alleged that he had authority to employ laborers, and was in charge of the work; and under repeated rulings of this court, such a person would be the vice-principal of the master. *Atlanta Cotton Factory* v. *Speer*, 69 *Ga.* 137; *Woodson* v. *Johnston*, 109 *Ga.* 454; *Taylor* v. *Georgia Marble Co.*, 99 *Ga.* 512. The fact that the plaintiff's injuries were caused by the concurrent negligence of the vice-principal and other employees of the defendant, who were undeniably fellow-servants of the plaintiff, would not relieve the master from liability. *Jackson* v. *Merchants Trans. Co.*, 118 *Ga.* 651. Nor do we think there is any merit in the grounds of the demurrer which attack the petition upon the idea that it was not alleged that the plaintiff himself was free from fault. It appears that the plaintiff was a newcomer; that he had been employed only the day before his injuries were received, and was put to work on that very day; that he had not had an opportunity to become familiar with the appliances in use by the defendant; that he had just been ordered from one piece of work to the one in performing which he was injured; and that he was bound to rely upon the diligence of the superintendent in furnishing him safe appliances with which to work. It can not be said as a matter of law that the plaintiff was obliged to know that the hook used in lifting the heavy sheets of iron was insufficient for the purpose for which it was used. That was a question for the jury to determine. We conclude that the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*