HESTER v. SAVANNAH ELECTRIC COMPANY.

The petition did not state a cause of action. The alleged negligence of the defendant was not the proximate cause of the plaintiff's injury.

Argued January 8,—Decided March 28, 1908.

Action for damages. Before Judge Cann. Chatham superior court. May 3, 1907.

*Twiggs, Oliver, Gazan & Oliver,* for plaintiff.

*Osborne & Lawrence,* for defendant.

EVANS, P. J. Essie Hester sued the Savannah Electric Company, a corporation operating a street-railway, to recover damages for an injury alleged to have been received as a consequence of the defendant's negligence. Her petition was dismissed on general demurrer, and she brings error. The plaintiff's injury was alleged to have been sustained under these circumstances: The cars of the defendant on Montgomery street run as far as 42d street, where the trolleys are reversed, and the cars make return trips. When the trolley-pole is not in contact with the overhead wire, the lights in the car are extinguished. It was customary for the lights in the car to be extinguished by the removal of the trolley from the wire before and at the time passengers were alighting from the car, in order that seats in the car might be reversed and the car proceed on its return journey as soon as the trolley-pole had been reversed; and, in order that the passengers might be out of the way and clear of the car while the seats were being reversed, it was customary for passengers to alight from the car while the car was in darkness, and before the trolley was replaced on the trolley-wire. On the night of September 16, 1905, at 8.10 o'clock, the plaintiff was a passenger on the Montgomery-street car, and when the car arrived at 42d street she arose, for the purpose of alighting from the same. The conductor, before the car had come to a full stop, removed the trolley from the trolley-wire, and caused the car to be in total darkness, and, the night being dark and rainy, in alighting the plaintiff was unable to see clearly the steps of the car and the ground below, and her foot missed the lower step, and she was thrown violently upon the cobblestones of the street, and received certain described injuries. The specific negligence alleged is that the defendant "was negligent in causing said car to be in darkness at the time she and other passengers were attempting to alight from said car, and in failing to afford your petitioner sufficient opportunity to alight in safety."

The petition admits that the car stopped at the terminus of that particular line; that it had come to a full stop before the plaintiff arose from her seat for the purpose of leaving the car.

It is not charged that the place where the car stopped was an unsafe place to discharge passengers. The gravamen of the complaint is that the street-railway company was negligent in causing the car to be in darkness while she and other passengers were attempting to alight from it. The plaintiff voluntarily undertook to leave the car with a knowledge that it had stopped at the terminus of its line, that the night was dark and rainy, that the purpose of the conductor in reversing the trolley was to prepare the car for the return journey, that the lights would be only temporarily extinguished during the process of reversing the trolley-pole, and would immediately reappear when the trolley-pole was replaced to the trolley-wire. The negligence of the company in extinguishing the lights preceded the act of the passenger in seeking to disembark, and, with a knowledge of the company's negligence, she elected to leave the car before the lights were restored by the replacing of the trolley-pole on the trolley-wire. With a clear chance and full opportunity to escape the consequences of the company's negligence by remaining at her seat until the car was again lighted, it can not be said that the company's negligence was the proximate cause of the plaintiff's injury. *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 225 (47 S. E. 570); *Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432). There was nothing said or done by the conductor to hasten the plaintiff in leaving the car, and her complaint that she was not afforded a sufficient opportunity to alight in safety is not well founded. The plaintiff's injury was the result of her own voluntary act in leaving the car when at a full stop and at a safe place to alight, without sufficient excuse for haste or emergent action, and with a full knowledge of the darkness of the car, and that if she would but wait a few moments the lights would reappear. The demurrer was properly sustained.

*Judgment affirmed. All the Justices concur.*