### 1512.  AYERS *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

A petition which, though it alleges acts of negligence, shows that the injury did not proximately result from the acts of negligence specified is subject to dismissal on demurrer.

Action for damages, from city court of Atlanta—Judge Reid. October 17, 1908.

Argued December 15, 1908.—Decided January 27, 1909.

The court sustained a general demurrer to the plaintiff's petition, which, as amended, made substantially the following allegations: Petitioner was at work for the defendant companies in the yard of the Georgia Railroad in said county, engaged in stopping cars. Petitioner was placed by the conductor who had charge of the crew (said crew being short one man) on what was known as the depot lead, for the purpose of making up trains, to go out of the yards that night. It was the duty of the defendants to have cars properly inspected before they were placed in the train. It was night, and the petitioner could not see and had no way of discovering the defects in the brake of the cars. The brake was out of order, and, by reasonable inspection of the same, the inspector of the defendants, whose duty it was to make inspection, would have discovered the defect. It was no part of petitioner's duty to make the inspection of the defendants' cars. He did not know and had no way of knowing of the defect in the brake, until the same was suddenly thrown upon him. The defendant ought to have known that the brake of the car was out of order and would not work, and the failure to properly inspect the car contributed to and caused the injury complained of. When a car would be started at a very rapid rate of speed the engine would be suddenly stopped, leaving the car to go by its own momentum to the track that it was intended to go upon, and when it reached that place it was petitioner's duty to scotch it and hold it in position, so that it would not run upon the crew. And while thus engaged in the discharge of his duties, and without fault on his part, a car which was out of order, in that the brake was out of order and would not. hold, petitioner was compelled to scotch with a piece of iron, which he picked up and put under the wheel. The iron, upon being hit by the wheel, suddenly jerked petitioner's hand across the rail and held it, and the car wheels ran across his hand, cutting off his thumb, first, second, and third fingers of his right hand, destroying his right hand. "Petitioner shows that it was customary for cars to be stopped in the way petitioner was stopping them at the time he was injured; that the defendant company, through its officers and agents in charge of the work, to

wit, his superior officers, directed him to scotch the cars at the time he was injured." The specifications of negligence are as follows: "The defendants were negligent, first in kicking the car; second, in not notifying him that the car was defective when it was kicked to him; third, in not furnishing him with proper appliances for stopping the car; fourth, in not having a full crew to handle the train; all of which contributed to and caused the injuries complained of."

*Thomas L. Bishop,* for plaintiff.

*Joseph B. & Bryan Cumming, McDaniel, Alston & Black,* for defendants.

POWELL, J. (After stating the foregoing facts.)

Pleadings are construed most strongly against the pleader. *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (4 S. E. 885) ; *Smith* v. *E. & W. Ry. Co.,* 84 *Ga.* 183, 186 (10 S. E. 602) ; *C. & W. C. Ry. Co.* v. *Augusta Stockyard Co.,* 115 *Ga.* 70 (41 S. E. 598). And if the pleadings are capable of two constructions, the one most unfavorable to the pleader must obtain. *Evans* v. *Collier,* 79 *Ga.* 315 (4 S. E. 264) ; *C. & W. C. Ry. Co.* v. *Augusta Stock-yard Co.,* supra. The plaintiff must show, by well pleaded allegations, that the negligence of the defendant was the proximate cause of the injury. *Sims* v. *E. & W. Ry. Co.,* 84 *Ga.* 152 (10 S. E. 543, 20 Am. St. R. 352) ; *Babcock Bros. Lumber Co.,* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438). In this case there is nothing to show that any negligence on the part of the defendant was the proximate cause of, or had anything to do with, the injury to the plaintiff. On the other hand, it is obvious, from the allegations, that the proximate cause of the injury was the scotching of the car by the plaintiff in the course of his duty by picking up a piece of iron lying on the ground and placing the same under the wheel or upon the track as the car was approaching. It is perfectly apparent, from his own allegations of how the accident occurred, that the force of the movement of the car caused the iron which he was holding on the rail, when the wheel struck it, to be forced down upon the rail. The flange on the wheel, of which the plaintiff must have had knowledge, naturally had just the effect of forcing the iron along the track or rail in the direction the car was moving; and the plaintiff should reasonably have known that if he retained his hold on the iron, it would neces-

sarily draw his hand under the wheel. Wherein can any of the specific acts of negligence alleged by the plaintiff in said declaration be the proximate cause of the injury? The physical facts as alleged show that it was the way in which he placed the iron under the wheel, and the manner in which he held the iron, which caused it to turn and to injure him. Negligence must be the proximate cause of the injury, to be the basis of a recovery in damages. *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (60 S. E. 1068); *Vinson* v. *Willingham Cotton Mills,* 2 *Ga. App.* 53 (58 S. E. 413); *Southern Ry. Co.* v. *Puryear,* 2 *Ga. App.* 77 (58 S. E. 306); *Southern Ry. Co.* v. *Flynt,* 2 *Ga. App.* 162 (58 S. E. 374); *Shields* v. *Ga. Ry. & Elec. Co.,* 1 *Ga. App.* 172 (57 S. E. 980); *Moseley* v. *Sheffield,* 123 *Ga.* 199 (51 S. E. 309); *Richmond R. Co.* v. *Dickey,* 90 *Ga.* 491 (16 S. E. 212); *Hamby* v. *Union Paper Mills,* 110 *Ga.* 1 (35 S. E. 297).

The cases of *King* v. *Seaboard Ry.,* 1 *Ga. App.* 88 (58 S. E. 252), and *Brown* v. *Rome Machine &c. Co.,* ante, 142 (62 S. E. 720), do not aid the plaintiff. Even if the plaintiff was acting in haste or under a situation approaching an emergency, it was his own act from which his injury flowed proximately, and not the act of his master. It is not alleged that the cars could not have been scotched safely; it is only alleged that the plaintiff did not scotch this one safely. It was not the defect in the car, it was not the defect in the implement by which the scotching was done, it was not the inadequacy of fellow servants that caused the car wheel to mash the iron down on the plaintiff's hand. His hand was mashed because he put it between the iron scotch and the rail and did not jerk it out quick enough. We have no power to make laws regulating the right of employees to compensation when injured in the service of the employer; if so, we might undertake to ameliorate conditions as they exist under the present law. We only declare and administer the law as it is. And the law, as it is, does not authorize the plaintiff to recover.

*Judgment affirmed.*