# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1910.

---

### 2500. POLLARD v. SOUTHERN RAILWAY COMPANY.

HILL, C. J. The allegations of the petition bring this case squarely within the decisions of this court in *Whitfield* v. *L. & N. R. Co.*, 7 *Ga. App.* 268, 271 (66 S. E. 973), and *Ayers* v. *L. & N. R. Co.*, 5 *Ga. App.* 454 (63 S. E. 530), and are directly covered by the decisions of the Supreme Court in *Worlds* v. *Georgia R. Co.*, 99 *Ga.* 283 (25 S. E. 646), and *Freeman* v. *Savannah Electric Co.*, 130 *Ga.* 449 (60 S. E. 1042). The petition was properly dismissed on demurrer, as no cause of action was shown by its allegations.                    *Judgment affirmed.*

DECIDED OCTOBER 14, 1910.

Action for damages; from city court of Atlanta—Judge Reid. January 8, 1910.

The action was for damages on account of personal injuries. The material allegations of the petition, briefly stated, are as follows: Plaintiff was a laborer employed by the defendant railway company, and most of his work consisted in repacking and oiling cellars of the engines and trucks of the tenders of the defendant. He was not employed to remove cellars from engines, or put them in. This work was usually performed by a machinist and his helper, and required skill and experience. He was ordered by his foreman to remove a cellar from an engine and place it in another engine, and to do the work quickly, the foreman threatening to discharge him if he did not do the work as he was told. There was not sufficient light for plaintiff to do the work, and he was furnished with a little torch, but he could not hold it and do the work at the same time. The foreman furnished another man to assist him, at his request, but took this man away before the cellar

22

was taken out of the engine, and ordered plaintiff to continue the work by himself. The foreman had authority to employ and discharge hands, and was defendant's chief agent and alter ego. "In order to get the cellar out, it was necessary to use considerable force, by pressure or prizing, which required the combined efforts of two men. Plaintiff, being told to proceed alone, attempted to prize it out of its bed by using a small 'jimmy' bar with which defendant had furnished him, but with this he could move the cellar only about two inches, as the bar was not large enough, and plaintiff could not bring to bear sufficient force. He therefore got a larger bar, which was the only one available, with which to attempt to finish the job. He had to get this bar for himself, and, not being furnished by defendant with a proper tool for the purpose, and being ordered by defendant to act quickly, and being ignorant and inexperienced in that kind of work, he took up a bar that appeared to him to be large enough for the purpose, and hurried back to the work. The bar was about two inches in diameter and very heavy, being of steel. It was somewhat bent and one of the toes was broken off, it being what is known as a crow-foot bar. Plaintiff, in the haste which had been imposed upon him by defendant, having no opportunity to inspect the bar or to get a better one, and not having sufficient experience to know what was needed, thought he could do the work with this bar. He found that the heel of the bar was not large enough to get proper leverage against the cellar between it and the hub of the wheel against which he was attempting to prize. So he took an iron or steel tap with which to make a heel for the bar and help fill the space between the cellar and the hub of the wheel. In order to get at the cellar with the bar, he had to stoop down low and reach up a little way with the bar. When he thus attempted to prize against the cellar, the heel of the bar slipped, the tap dropped out of place, and the bar flew against him with great force, striking him in the stomach, and he lost his balance and fell over backwards with the bar on top of him, causing severe injuries more particularly described hereafter."

*A. H. Davis,* for plaintiff.

*McDaniel, Alston & Black, Edgar A. Neely,* for defendant.