### 4436.  SOUTHERN RAILWAY CO. *v.* BARBER.

It appearing, from the allegations of the petition, that the acts of negligence charged against the defendant were not the proximate and effective cause of the injury complained of, the demurrer thereto should have been sustained.

DECIDED FEBRUARY 11, 1913.

Action for damages; from city court of Baxley—Judge Sellers. August 24, 1912.

*Bennet, Twitty & Reese, J. B. Moore,* for plaintiff in error.

HILL, C. J. This is a suit against the Southern Railway Company, to recover damages for personal injuries. A general demurrer to the petition was overruled, and the question to be decided here is as to the correctness of this judgment. It is necessary to state only that portion of the petition which particularly describes the manner in which the alleged injuries were received, in order to determine the question of liability. The fourth and fifth paragraphs of the petition describe the manner in which the injuries occurred. The petitioner shows, that on November 18, 1911, he endeavored to deliver to the railway company at its depot a bale of cotton, which he had in a wagon drawn by two mules, and when

he arrived at the warehouse he found that the only way accessible thereto, so as to deliver the cotton, was by passing over the track and main line and delivering the same either on the north side of the platform or at the west end thereof, as the side-track south of the depot was occupied by a line of box-cars, which were standing within one or two feet of the depot and extended beyond the depot, so that he could not cross the side-track or approach the south side of the depot; and that at the time he approached the depot for the purpose of delivering the cotton, he saw another wagon standing towards the north end of the warehouse and platform, being loaded with freight from the warehouse; that it was usual and customary to deliver cotton to the railway company, and the cotton was received by it, on the platform at the east end of the warehouse, the said platform extending some twenty-five feet easterly from the warehouse, and the platform on the north side of the warehouse being only three or four feet; and at the time the petitioner endeavored to deliver said cotton to the warehouse, the said platform which lies immediately north of the depot was filled with freight, and the only place to deliver the cotton to the company was on the platform at the east end of the depot, where cotton is usually and ordinarily delivered; that the railroad company had removed from between the north edge of the platform and the main-line track all of the dirt, and that the railroad track or irons were fully exposed, and, in order to approach the platform, it was necessary to pass over the railroad irons after having passed over the side-track situated immediately north of the main line; that he approached said platform in the usual manner, and endeavored to pass over the side-track and railroad, in order to deliver the cotton on said platform, and, in so doing, he had to drive diagonally across said track, just immediately east of the west end of the depot, where the platform starts, and, in driving the mules across the irons, it necessarily jolted the wagon and caused the same to tilt; and just about the time that the driver of said mules got the heads of the mules about even with the east end of the depot, they became frightened, and, in an effort to get away from the platform and from whatever object on the platform had frightened them, the wheels of the wagon struck the irons of the main-line track, and, said irons being six inches high, said wheels slipped on the irons and made an additional noise, frightening the mules, and, so slip-

ping, the wheels of the wagon locked against the body, and, before the mules could be stopped, they jerked the wagon across the main-line track, in its locked condition, and threw petitioner therefrom to the ground, where, in falling, he struck one of the irons with his right arm, and broke both bones therein just above the wrist. The particular negligence alleged against the railway company was as follows: (*a*) In not providing a crossing and properly keeping and maintaining the same at or near the west end of its depot or cotton platform, so that the same could be approached with safety. (*b*) In keeping the line of cars on the south side of the warehouse, so that the warehouse could not be approached from that side. (*c*) In not filling in, between the irons of the main line, dirt or other matter, so that, in crossing the same, one could drive over said irons with reasonable safety. (*d*) In removing dirt and other matter which accumulates between the iron and the main line, and also between the main-line track and the depot; because if said dirt and other matter was not so removed, it would not leave the rail-road irons exposed as they are now, and they could be crossed in perfect safety. An amendment was made to the petition, but it does not substantially change the allegations of the original petition as to the manner in which the injuries were received by the peti-tioner, nor the grounds of alleged negligence.

Ordinarily all allegations of negligence should be determined by the jury, but we seriously doubt if the allegations of negligence in the present case, assuming that they were proved by the plaintiff, would authorize a recovery. Construing these allegations most strongly against the pleader, it does not clearly appear what duty was upon the railroad company in matters wherein negligence is alleged, nor wherein the duty was violated. Indeed, if any duty of the railroad company is shown at all in reference to these matters so far as the plaintiff was concerned, the allegation as to what seems to be the substance of the negligence complained of,— that the defendant company was negligent in having and main-taining its tracks above the surface of the ground, and thereby causing a dangerous situation for any one who attempted to cross these tracks in order to deliver freight on the railroad platform,— clearly shows that the danger of the situation, if any, was manifest and obvious; and there is no allegation which shows that the plaintiff was necessarily compelled to cross these tracks in order to

get to the platform at that point, or why he could not have waited and gone to the platform at the other end, for the purpose of delivering his bale of cotton. But even conceding that these allegations were sufficient to make out a prima facie case of negligence, the plaintiff could not recover, unless the alleged negligence was the proximate and efficient cause of his injuries. It must be manifest, from a mere casual reading of the manner in which he received his injuries, that this condition of the rails was not the proximate and effective cause of his injuries, but that the fright of the mules was the proximate and effective cause. It is certain that no injury would have been received from the condition of the rails, but for the fright of the mules. The condition of these rails did not cause this fright, but, according to the plaintiff, it was caused by some unknown object on the platform of the depot. It is not stated what object it was that frightened the mules, nor is it stated that the railroad company was negligent in having on its platform the object which frightened them. The mules may have become frightened at an object lawfully and properly upon the defendant's platform. They may have been easily frightened at any unusual object. They may have been inherently vicious in this respect. The gist of the whole complaint is that the mules became frightened at some object on the platform, and attempted to run away. This fright, in all probability, would have occurred, with its results, even if the mules drawing the wagon were not at the time crossing the railroad tracks. In other words, the condition of the tracks and the act of crossing the tracks, according to the allegations of the plaintiff, had nothing whatever to do with causing the fright of the mules. There is nothing to show, in any of the allegations of the petition, that any of the negligence attributed to the railroad company was either the effective or the proximate cause of the injury, or had anything to do with the injury; and it is obvious, from the petition, that the sole effective and proximate cause was the fright of the mules at some unknown object on the platform, and their attempt to run away.

The case seems to be almost identical, on the facts, with that of *Mayor etc. of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 433). In that case the plaintiff, while driving a horse attached to a two-wheel road cart, along the street in Macon, upon which the railroad had a track, attempted to drive across the track at an angle of about

19

forty-five degrees. When the wheels of the cart came in contact with the iron rails of the track, the wheels slipped along the rails and made a scraping noise. The horse began to kick, jump, and run, and became wholly unmanageable. He ran at full speed along the street for about 150 feet, when the cart collided with a wagon, and the plaintiff was violently thrown to the ground and seriously injured. The height of the rails of the track above the surface of the street was variously estimated by the witnesses to be from two to four inches. An ordinance of the city made it unlawful for any street-railroad company to construct or place, in the streets of the city, any track the rails of which should be above the level of the street. The negligence alleged against the company was in having the rails above the street, in violation of the ordinance. The Supreme Court held that, even assuming that the defendants were negligent in this respect, this negligence was not the proximate cause of the plaintiff's injury, but that the proximate cause was the fright of his horse. In the present case the facts are even stronger, for, while in the *Dykes* case it might have been logically inferred that the height of the rails produced the scraping noise which caused the fright of the horse, and thus contributed in some degree to the injury, and but for this the horse would not have become frightened, in the present case the height of the rails, or the noise produced thereby, had nothing to do with the fright of the mules. This was caused solely by some object on the platform. To determine what is the proximate and effective cause of an injury depends upon the facts of each case, but the rule is universally well settled that the law gives a right of action only for the principal, leading, effective cause. *Belding* v. *Johnson,* 86 *Ga.* 177 (12 S. E. 304) ; *Brown* v. *Atlanta,* 66 *Ga.* 71 ; *Gaskins* v. *Atlanta,* 73 *Ga.* 746 ; *Ayers* v. *L. & N. R. Co.,* 5 *Ga. App.* 454 (63 S. E. 530), and cases cited.

We think, for the reason above indicated, that the lower court erred in not sustaining the general demurrer to the petition.

*Judgment reversed.*

RUSSELL, J., dissenting. I think the lower court ruled correctly in refusing to sustain the general demurrer to the plaintiff's petition. In my opinion, it was for the jury to say whether the fright of the mules was the cause of the injury. It was for the jury to say whether the efficient, antecedent cause (which alone can prop-

erly be denominated the proximate cause) of the injury was the fright of the mules, caused by some object on the defendant's platform, or whether its negligence in failing to provide its patrons with a safe and convenient means of approach to the depot or platform in loading and unloading freight to be delivered to or received by it, was the prime, underlying, efficient, and operative cause to which the injury was due. It is very rarely that a court can judicially determine that any act of negligence must necessarily defeat the plaintiff's right to recover, and, in my opinion, this case does not fall within the exception, but rather is to be classed under the general rule that questions of negligence are for exclusive determination by the jury.