8977. CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.* PATTON.

The allegations of the petition clearly showing that the negligence charged against the defendant was not the main, controlling, preponderating, or proximate cause of the injury, the court erred in not sustaining the demurrer and dismissing the petition.

(*a*) "A plaintiff can not recover on other acts of the defendant which, while set forth in the petition, are not therein alleged as negligence."

DECIDED JULY 31, 1918.

Action for damages; from city court of Richmond county—Judge Black. May 16, 1917.

*W. K. Miller,* for plaintiff in error. *H. C. Roney,* contra.

BLOODWORTH, J. Patton brought suit for damages against the Charleston & Western Carolina Railway Company, alleging that the defendant was a common carrier engaged in interstate commerce. The portions of the petition necessary to an understanding of the issue determined by this opinion are as follows: "7. After changing the switch on the main line, and after the train

had been placed thereon, said train should have remained there until petitioner should signal the train to move forward, but without signal said train started off, whereupon petitioner signalled said train to 'slack ahead,' intending for the train to slow down and finally stop, so that he might get the material to remedy the hot box. When petitioner gave said signal he had not then had opportunity to change the derailing switch on the house track, and ran to this point, taking it for granted that his signal would be obeyed; but discovering that the train was still in motion and not slacking up, he then gave a stop signal to the engineer. 8. Petitioner discovering that the train was not going to stop, but was going forward towards its destination, and while the said train was slowly passing him, knowing his duties required him to be aboard said train, he endeavored to board the train by catching on to a grab-iron on one of the cars, near the engine. He caught the grab-iron with his left hand, and was holding on to the same, when the cars gave a sudden and violent lurch which jerked him from the grab-iron, and threw him violently to the ground, causing the injuries hereinafter stated. [This paragraph was amended by adding at the end thereof the following: "That the violent jerk of said train was unusual and unnecessary."] 9. That when petitioner undertook to board the train, it did not appear to him that it would be dangerous to do so, and he could have safely boarded the train but for the sudden jerk of the train which caused petitioner to loose his hold on the grab-iron as aforesaid. 10. That it is the custom of employees of said company to board slowly moving trains in the discharge of their duties, and that custom was known to and acquiesced in by said company. 11. Petitioner was not only required to switch the cars at the place aforesaid, but was directed to give signals for the movements of said train of cars, and the engineer knew that his train could not be moved except by signal given by petitioner. There was no other brakeman or flagman to perform this duty and said engineer knew this fact, and further knew that petitioner was the only person to give the signals aforesaid, as the conductor and the flagman were at the other end of the long train of cars, in the cab. That said engineer, as well as the fireman on the engine, saw the signals given by petitioner, and knew at the time these signals were given that petitioner was still upon the ground in the performance of his duties,

and, therefore, was not aboard the train. That had said engineer obeyed the signals given by petitioner, petitioner would not have been injured,—that he would have had opportunity to have remedied the hot box, and then to have boarded the train in safety. 12. That petitioner, at the time of his injury, was in the exercise of ordinary care and diligence, and was entirely free from fault, and that his injuries were caused solely by the negligence of said engineer in not obeying the signals given by petitioner, as aforesaid." Defendant filed a demurrer as follows: "1. Because no cause of action is set out in said petition. 2. Because it is apparent from the petition that no act of defendant was the proximate cause of the injury complained of." This demurrer was overruled, exceptions pendente lite were filed, the case proceeded to trial and resulted in a verdict for plaintiff. The entire case is before us for review.

We think the court erred in overruling the demurrer to the petition. It is well settled, under repeated rulings of the Supreme Court of our State and of this court, that where a suit for personal injuries is based upon negligence of the defendant, the plaintiff, before he is entitled to recover, must show in his petition that the specific acts of negligence alleged therein were the proximate cause of his injuries. He can not recover on other acts of the defendant which, while set forth in the petition, are not therein alleged as negligence. Some of the decisions which settle this proposition are the following: "The petition did not state a cause of action. The alleged negligence of the defendant was not the proximate cause of the plaintiff's injury." *Hester* v. *Savannah Electric Co.,* 130 *Ga.* 454 (60 S. E. 1045). "The petition, failing to set out any specific acts of negligence which would authorize a recovery, should, on proper timely demurrer, have been dismissed." *Georgia R. & Banking Co.* v. *Williams,* 3 *Ga. App.* 272 (2) (59 S. E. 846). "A plaintiff must allege sufficient specific acts of negligence, as to the injured party, to withstand demurrer, and can recover only on the specific acts alleged." *Harden* v. *Georgia Railroad Co.,* 3 *Ga. App.* 344 (59 S. E. 1122). "The allegations of the petition clearly showing that the negligence charged against the defendant was not the main, controlling, preponderating, or proximate cause of his injury, the court did right in sustaining a demurrer and dismissing the petition." *Shaw* v.

*Macon,* 6 *Ga. App.* 306 (64 S. E. 1102). "It appearing, from the allegations of the petition, that the acts of negligence charged against the defendant were not the proximate and effective cause of the injury complained of, the demurrer thereto should have been sustained." *Southern Railway Co.* v. *Barber,* 12 *Ga. App.* 286 (77 S. E. 172). "This court has repeatedly ruled that a plaintiff can not recover for acts of negligence proved against the defendant, other than those alleged in his petition." *Central Railway Co.* v. *Weathers,* 120 *Ga.* 475, 479 (47 S. E. 956). "That the plaintiff can not recover upon any act of negligence other than those set out in the declaration is so well settled that it is unnecessary to cite authorities." *Georgia Brewing Asso.* v. *Henderson,* 117 *Ga.* 480 (43 S. E. 698). See also *Georgia R. & B. Co.* v. *Oaks,* 52 *Ga.* 410 (5); *Central Railroad & Banking Co.* v. *Nash,* 81 *Ga.* 580 (2), 585 (7 S. E. 808); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837 (5-7), 845 (47 S. E. 329). In the instant case the only act of any of the defendant's employees which the petition specifically alleges as negligence was the failure of the engineer to obey the plaintiff's signals to slow down and to stop the train. The petition further shows that after this negligence had become operative and was known to the plaintiff, the plaintiff was standing upon the ground in a perfectly safe place, and that he then voluntarily attempted to board the moving train as it passed him, and that he caught with one hand a "grab-iron" on the side of one of the cars, and would have succeeded in safely boarding the train had it not been for a sudden, violent, unusual and unnecessary jerk, which broke his hold, threw him from the train and injured him. The petition, construed as a whole, clearly shows that the specific act of negligence alleged therein, to wit, the failure of the engineer to obey the plaintiff's signals, was not the main, controlling, preponderating, or proximate cause of his injuries, but that the proximate cause was the sudden jerk of the train—which nowhere in either the original or the amended petition is alleged as negligence. The petition therefore failed to set forth a cause of action, and the court erred in overruling the general demurrer interposed. The error in the judgment upon the demurrer rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*