10956.    GENERAL FIRE EXTINGUISHER CO. *v.* DANIEL
*et al.*

(*a*) The allegations of the petition clearly show that the negligence charged against the defendant was not the main, controlling, preponderating, or proximate cause of his injury.

(*b*) "Negligence, to be the basis of recovery, must be the proximate cause of the injury; and if the injury would have occurred regardless of the negligent act, there can be no recovery."

(*c*) "In a suit for damages on account of personal injuries, brought by a servant against his master, where, among various allegations of negligence, it is charged that the defendant failed to furnish the plaintiff a reasonably safe place in which to work, and it affirmatively appears from the petition that the plaintiff's injuries were not caused by the character of the place in which he was put to work, or in any manner connected therewith, such an allegation of negligence can not be made the basis of a recovery."

(*d*) "If the danger be obvious and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it."

DECIDED MAY 11, 1920.

Action for damages; from city court of Polk county — Judge Tison.    September 25, 1919.

*McDaniel & Black,* for plaintiff in error.

*William W. Mundy, Bunn & Trawick,* contra.

BLOODWORTH, J.    So far as the bill of exceptions shows, only one of the defendants filed a demurrer to the petition.    The learned

judge who presided overruled the demurrer, and in his order stated the allegations of the petition and his reasons for overruling the demurrer, as follows:

"Plaintiff brings this action against the Noble-Beveridge Company and the General Fire Extinguisher Company for the homicide of her husband. The defendant General Fire Extinguisher Company filed a general demurrer to the petition, on the ground that no cause of action was set forth against it. The original petition alleges, that while the deceased was working in a pit or excavation some eight feet deep, installing machinery as the servant of the General Fire Extinguisher Company, the excavation being immediately at the junction of two platforms over which truckmen of the Noble-Beveridge Company were conveying bales of cloth, he was killed by one of the truckmen negligently operating the trucks, causing a bale of cloth to be thrown from the trucks into the pit and on the deceased; that in trucking the bales of cloth from one platform to the other, which met at right angles, the centrifugal force brought about by running the trucks around or from one platform to the other caused the bale of cloth to be thrown from the trucks into the pit and on to the deceased, thereby causing his death. The petition as amended alleges, that the deceased was at labor installing the machinery in the pit; that his work required him to stoop over and look downward at the machinery being installed; that he could not see or know what was taking place outside the pit; that he could not know that the platform was being used at all; that his master knew or ought to have know of its use and the danger incident to its use; that he was not warned of the danger; that he could not have discovered the danger by ordinary care. It is alleged that the master was negligent in failing to provide a reasonably safe place for deceased to work; in failing to exercise ordinary care in the use of the platform while deceased was at work in the pit; in failing to warn deceased of the danger; that the master was negligent by its failure to protect the deceased by proper guard-rails or other means while he was at work in the pit, and that these acts of negligence of the master in failing to provide a reasonably safe place for deceased to work were the proximate cause of his death. There are other allegations, but these are all essential for the consideration of the demurrer.

"The demurrer raises the question as to the proximate cause of

the homicide. If the proximate cause be the negligence of the servant of the Noble-Beveridge Company, then it is clear that the demurrer should be sustained. If the proximate cause is the failure of the master to provide a reasonably safe place, then the plaintiff may recover. 'Questions of negligence are for the jury alone, and the determination of the proximate cause is involved in and essential to the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. A court can no more determine upon an issue as to what particular act or circumstance was the proximate cause of an alleged injury than it can determine that the same particular act was an act of negligence.' *White* v. *S. A. L. Ry.,* 14 *Ga. App.* 139 (80 S. E. 667). If the alleged negligent act of the master contributes to the injury of the servant by his failure to provide a reasonably safe place, then the servant may recover, although there may be an intervening negligent act of a third person. 'If the negligence of the master contributes to the injury of the servant, it must necessarily became an immediate cause of the injury, and it is no defense that another is likewise guilty of wrong.' *Cheeney* v. *Ocean Steamship Co.,* 92 *Ga.* 732 (19 S. E. 33, 44 Am. St. Rep. 113), and cases cited. 'The rule that the servant takes the risk incident to his work does not exempt the master from liability for the death of a servant resulting from a negligent failure to provide a safe place, if the servant is free of contributory negligence.' *Middle Ga. & A. Ry. Co.* v. *Barnett,* 104 *Ga.* 582 (30 S. E. 771). The petition as amended makes it issuable as to proximate cause and the acts of negligence; therefore the demurrer is overruled."

There can be no difference between the trial judge and this court as to the general principles announced in his order copied above. They are the fixed law of the State. We differ with him, however, in their application to this case. Where the allegations of the petition clearly show that the proximate cause of the injury was the act of a third person, to which no act of the defendant contributed, no issue of fact is raised which should be submitted to the jury, and the petition should be dismissed. Eliminating the conclusions of the pleader and admitting every fact alleged in the petition to show negligence, the plaintiff would not be entitled to recover, for no fact alleged shows that any negligence on the part of the defendant was the proximate cause of, or had anything to do with, the in-

jury to the deceased, but it is clearly shown by the petition that the proximate cause of the injury was the act of the servant of the other defendant in the case, the Noble-Beveridge Company, in negligently throwing the heavy bale of duck from its platform into the pit on the deceased. In his order the trial judge correctly said: "If the proximate cause be the negligence of the servant of the Noble-Beveridge Company, then it is clear that the demurrer should be sustained." In *Shaw v. Mayor &c. of Macon,* 6 *Ga. App.* 306 (64 S. E. 1102), it was held: "The allegations of the petition clearly showing that the negligence charged against the defendant was not the main, controlling, preponderating or proximate cause of his injury, the court did right in sustaining a demurrer and dismissing the petition." See also *Ayers v. L. & N. R. Co.,* 5 *Ga. App.* 456 (63 S. E. 530); *Sou. Ry. Co. v. Barber,* 12 *Ga. App.* 286 (77 S. E. 172); *Corley v. Cobb County,* 21 *Ga. App.* 219 (93 S. E. 1015); *Harper v. Fulton Bag & Cotton Mills,* 21 *Ga. App.* 322 (94 S. E. 286); *Charleston & Western Carolina Ry. Co. v. Patton,* 22 *Ga. App.* 554, 556, 557 (96 S. E. 504); *Higginbotham v. Rome Ry. & Light Co.,* 23 *Ga. App.* 753, 755 (99 S. E. 638); *Crown Cotton Mills v. McNally,* 123 *Ga.* 35 (2, 3) (51 S. E. 13).

While the petition alleges that the General Fire Extinguisher Company failed to furnish the deceased with a reasonably safe place to work, it is also clear from the allegations of the petition that the injury was not caused by the character of place in which he was working. "In a suit for damages on account of personal injuries, brought by a servant against his master, where, among various allegations of negligence, it is charged that the defendant failed to furnish the plaintiff a reasonably safe place in which to work, and it affirmatively appears from the petition that the plaintiff's injuries were not caused by the character of the place in which he was put to work, or in any manner connected therewith, such an allegation of negligence can not be made the basis of a recovery." *Moseley v. Schofields Sons Co.,* 123 *Ga.* 197 (1) (51 S. E. 309). Defendant is alleged to have been negligent in failing to provide guard-rails around the pit in which deceased was working. It is clear from the allegations of the petition that such rails, had they been there, would not have protected the deceased against the heavy bale of duck. "Negligence, to be the basis of recovery, must be the proximate cause of the injury; and if the injury would have

occurred regardless of the negligent act, there can be no recovery." *Vinson* v. *Willingham Cotton Mills,* 2 *Ga. App.* 53 (4) (58 S. E. 413).

If there had been any defect in the pit which was known to the master and unknown to the servant, and of which the servant did not have equal opportunity with the master of knowing, and that defect caused the death of the servant, then the plaintiff could predicate negligence upon an allegation that the servant had been sent to work in a place which not was "reasonably safe," but, under the allegations of fact in the petition, the pit was within itself a perfectly safe place to work, and nothing in its condition contributed to the death of deceased, and no negligence relative to it concurred with the alleged negligence of the other defendant. The petition does not show that prior to this accident there had ever been any goods thrown from the platform to the ground where the pit was by the running of the trucks, and nothing is alleged that would put the defendant on inquiry as to such possible occurrence. This defendant had a legal right to rely upon the exercise of care on the part of its codefendant. This was "a totally unanticipated, isolated act of negligence," and neither railings nor warning would have been of avail. In addition to the above, the deceased had equal opportunity with the master of knowing the condition of the platform, its location relative to the pit, and the use to which it was being put and about which negligence is alleged, and he voluntarily assumed the risk. *VanDyke* v. *Menlo Fruit Co.,* 129 *Ga.* 532 (1) (58 S. E. 215). "If the danger be obvious and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it." *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (1) (68 S. E. 483). See also *Holland* v. *Durham Coal & Coke Co.,* 131 *Ga.* 715 (2) (63 S. E. 290) ; *Postal Telegraph Cable Co.* v. *Keeley,* 134 *Ga.* 218 (67 S. E. 803).

We think the foregoing principles are controlling in this case, and that the trial judge erred in overruling the demurrer to the petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*