## 11857. CROOMS *v.* PAYNE, director-general.

The court did not err in sustaining the defendant's demurrer to the petition. See the recent case of *McConnell* v. *Frank E. Block Co.*, ante, 550 (106 S. E. 617 (2). See also *Hill* v. *Louisville & Nashville R. Co.*, 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432); *Worlds* v. *Ga. R. Co.*, 99 *Ga.* 283 (25 S. E. 246); *Whitfield* v. *Louisville & Nashville R. Co.*, 7 *Ga. App.* 268, 271 (66 S. E. 973); *Pollard* v. *Southern Ry. Co.*, 8 *Ga. App.* 337 (69 S. E. 28).

DECIDED MAY 2, 1921.

Action for damages; from Chatham superior court — Judge Meldrim. August 4, 1920.

*Oliver & Oliver,* for plaintiff.

*T. M. Cunningham Jr., H. W. Johnson,* for defendant.

JENKINS, P. J. The petition contained the following allegations: The plaintiff was engaged in unloading automobiles from a freight-car standing on the side-track beside a platform. The front wheels of an automobile were resting upon the platform, and the rear wheels inside the freight-car. In order to get the automobile from the car, it was necessary to tilt the rear wheels from the side of the door. While the plaintiff and his fellow workers were lifting the end of the automobile from the side of the door, a switch-engine of the defendant, with a number of cars, backed toward the freight-car and struck the car, moving it a distance of several feet. The plaintiff was standing beside the automobile, facing the approaching freight-engine. He saw that the engine with the cars attached would strike the freight-car with sufficient force to destroy the automobile and to injure him and his fellow employees. Realizing his peril and the peril in which his fellow employees and the automobile were placed, and the necessity for immediate action, he and the other men, acting according to their best judgment in the dangerous emergency created by the negligence of the defendant, threw their weight against the automobile, and succeeded in getting it out of the car before it was struck by the engine. But the severe muscular exertion which the plaintiff undertook, in the excitement and stress of the dangerous emergency created by the defendant's negligence, caused him to sustain a severe rupture. He had been unable to see the approaching engine until it was close upon him, but the defendant knew the dangerous predicament in which the plaintiff was placed, and was negligent, (*a*) in approaching, rapidly and in a dangerous manner, the car standing loaded with freight, where the defendant knew men were employed who would be injured by a collision; (*b*) in running upon and striking this freight-car, where men were actually at work; (*c*) in creating a dangerous emergency, which caused the plaintiff, in the stress and excitement of the moment, to overexert himself for the purpose of saving himself and the automobile from serious injury; (*d*) in failing to stop the engine before striking the freight-car.

The theory upon which the plaintiff relies is that the alleged negligent conduct of the railroad employees created a dangerous emergency, which caused him to become so excited that he did an act which caused his injury, and which he would not have done but for the antecedent negligence on the part of the defendant.

The court, in the order sustaining the demurrer, said: "The petitioner was lifting an automobile from a car to platform. He had already unloaded two others. He knew the weight of the automobiles. While the third auto was resting partly on the car and partly on the platform, a switch-engine and cars were seen approching. The petitioner, it seems, made an extra effort to remove the auto, fearing that the switch-engine and cars might strike the car on which was resting the automobile. The effort strained and ruptured the petitioner, and for the injury sustained this action is brought. The approaching switch-engine and cars were perfectly obvious. There was no reason to apprehend danger to the person of the plaintiff; even if there were reason to apprehend danger, the care of an ordinarily prudent man for his own safety would require him to do the very simple act of stepping aside. There is no fact averred that shows the petitioner to have been in the slightest danger; but if there were any danger, nothing was easier than to avoid it. The case is too plain to admit of serious argument. He misconceived the amount of physical strength to be exerted, and overstrained himself. The master is not liable, and the demurrer must be and is sustained."

It is not necessary to add anything further.

*Judgment affirmed. Stephens and Hill, JJ., concur.*