## 12418.   CENTRAL OF GEORGIA RAILWAY CO. v. DURDEN.

The petition in this case sets out no cause of action against the defendant, and the general demurrer should have been sustained.

DECIDED DECEMBER 13, 1921.

Action for damages; from city court of Macon — Judge Gunn. April 15, 1921.

Application for certiorari was made to the Supreme Court.

The plaintiff alleged that he was employed by the defendant at its shops in the city of Macon, as a blacksmith, and, together with a negro helper, was engaged in repairing an engine-spring that had been and was to be used on an engine engaged in interstate commerce, and that while he and his helper were so engaged in interstate commerce he sustained a rupture, for which injury he sued. He alleged: that the spring was composed of about twenty leaves, one or more of which had been broken and had to be replaced; that he and his helper had replaced the leaves and were proceeding to band them together when he was injured without fault on his part; that it was necessary to compress the leaves together with a machine called a bander which is operated with atmospheric pressure, and that it was necessary first to heat the spring red hot and, while it was malleable on account of being heated, place it in the bander and apply the pressure; that on this occasion, after the spring had been heated to the proper degree and was ready to go into the bander, he took hold of the end of the spring next to the bander, the negro helper took hold of the other end, and the next thing to be done was to move it into the bander, which stood a few feet away; that the helper knew what he had to do and what he was expected to do, and that was to push with his whole strength while petitioner pulled at his end of the spring; that it required the strength of both to move the red-hot spring and put it in proper position; that the helper, instead of doing his duty, failed to push the machine as he should have done, and left the burden on petitioner of moving it into its proper place in the bander; that petitioner, knowing that the spring should then be placed in the bander, put himself to extra exertion to accomplish it, and in so doing he was severely ruptured; that while he and his helper were required to use their strength in putting the spring into the

bander, petitioner was required to direct its course and see that it was put in the bander properly, and for this reason the helper was required to do most of the moving, but that the helper failed to do his duty in this respect; that all this was the work of a few seconds and he had no time to reflect; and, as soon as he realized that the spring was not being moved from the rear end as it should have been, he applied his whole strength to the task, thereby injuring himself as aforesaid. Petitioner charged that the defendant was guilty of negligence which contributed to his injury, " (a) in not furnishing him with a fellow-servant who would do his duty and perform his part of the task set for their joint exertions; (b) in that his helper failed at the proper time and in the proper way to assist him and do his part of the joint task; (c) in that his helper failed to do his part of the task assigned to them both but without warning petitioner that he would not or could not assist him or do his part of the task. " The defendant demurred generally to the petition and moved to dismiss it for the reason that no cause of action was set forth. The demurrer was overruled and the defendant excepted.

*Jordan & Moore,* for plaintiff in error.   *R. L. Berner,* contra.

BLOODWORTH, J.   (After stating the foregoing facts.)   While the alleged negligence is set out under three heads, the petition shows that the substance of the alleged acts of negligence was that plaintiff's helper failed to push the machine with his whole strength, and that this resulted in the injury; and we are called upon to decide whether or not the petition set out any actionable negligence on the part of the defendant.

This case was brought under the Federal employer's liability act of 1908, amended April 5, 1910 (8 U. S. Comp. St. Ann., § 8657), and under this act the plaintiff does not assume the risk due to negligence of a fellow servant "until he is aware of it, unless the risk is so obvious that an ordinary prudent person in his situation would know and appreciate it. "   Lehigh Valley R. Co. *v.* Scanlon, 259 Fed. 142.   However, the allegations of the petition, which alone we must consider in deciding this issue, and which must be construed most strongly against the pleader, show that the plaintiff was not only aware of the negligence of his coemployee in failing " to push with his whole strength, " but that he fully " *realized* that the spring was not

being moved from the rear end as it should." and after this realization he voluntarily " applied his whole strength to his task, " and was thereby injured. It cannot be said that the defendant company was negligent in furnishing an incompetent or inexperienced helper, because the petition sets out that " the helper *knew* what he had to do and what he was expected to do, and that was to push with his whole strength while petitioner pulled at his end of the spring. " (Italics ours). The petition further shows that " it required the strength of both " petitioner and his helper to move the spring, but, notwithstanding this fact and the failure of the helper to push as he should, petitioner " put himself to·*extra exertion* to accomplish it, " and in so doing was injured. (Italics ours). The petition thus shows that the plaintiff imprudently did more than was his duty and more than he was able to do, and by so doing brought about his own injury. He misconceived the amount of strength and exertion necessary. If plaintiff " misconceives the amount of physical strength to be exerted and overstrains himself . . and is thereby injured, the master is not liable." *Worlds* v. *Georgia R. Co.,* 99 *Ga.* 283 (2) (25 S. E. 646). This is true even where the injured party is given orders by one in authority to lift an object whereby he is injured, and it is therefore all the more true where one voluntarily lifts or pulls an object and overstrains himself without being ordered so to do, as in the instant case. See *Pollará* v. *So. Ry. Co.,* 8 *Ga. App.* 337 (69 S. E. 28), and citations; *Freeman* v. *Savannah Elec. Co.,* 130 *Ga.* 449, 454 (60 S. E. 1042), and cit.

The Federal employer's liability act, under which this action was brought, does not abolish the defense of assumption of risk, save where the carrier's violation of some Federal statute enacted for the safety of employees contributed to the injury or death. The petition shows that plaintiff was a blacksmith in a railroad repair-shop, and, this being true, he would assume the ordinary risks and hazards of handling objects that are ordinarily found in such a shop and such as the petition shows he was handling at the time of his injury. The United States Supreme Court in Seaboard Air-Line Ry. *v.* Horton, 233 U. S. 492, 504 (34 Sup Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475), said: " Some employments are necessarily fraught with

48

danger to the workmen -- danger that must be and is confronted in the line of his duty. Such dangers as are normally and necessarily incident to the occupation are presumably taken into account in fixing the rate of wages, and a workman of mature years is taken to assume risks of this sort whether he is actually aware of them or not." See also *Worlds* v. *Georgia R. Co.,* supra; *Louisville & Nashville R. Co.* v. *Hood,* 24 *Ga. App.* 769 (102 S. E. 133); *Charleston Ry. Co.* v. *Sylvester,* 17 *Ga. App.* 85 (86 S, E. 275). Plaintiff being a blacksmith, and employed in the shops of the defendant, and engaged at the time of his injury in repairing an engine-spring, it will be presumed that he was familiar with his work, with the machinery he was using, with the weight of this spring, and with the amount of physical strength necessary to accomplish the end sought. Moreover, he was handling the object in question at the time of his injury, and therefore had a better opportunity than the master of knowing of the danger incident to adjusting it without proper assistance from his helper. Knowing that it required the strength of both, and realizing that his helper was not pushing as he should, petitioner put himself to extra exertion to accomplish the task, all of which is shown by the petition. The allegations of the petition do not show that the negligence charged against the defendant was the " main, controlling, preponderating,. or proximate cause of the injury," but, on the contrary, do show that the plaintiff misconceived the amount of physical strength necessary to be exerted and overstrained himself, and that this extra exertion was the proximate cause of the injury. The plaintiff, with the full knowledge of the negligence of his helper, and with a clear chance to avoid this alleged negligence, chose not to avoid it, but to risk the danger of overexertion on his part. " This was not contributory negligence lessening the damages, but the failure to avoid a known danger, which defeats a right to recover." In *Ayers* v. *L. & N. Railroad Co.,* 5 *Ga. App.* 454, 456 (63 S. E. 530), Judge Powell said: " Pleadings are construed most strongly against the pleader, . . and if the pleadings are capable of two constructions, the most unfavorable to the pleader must obtain. . . Negligence must be the proximate cause of the injury to be the basis of a recovery in damages. . . Even if the plaintiff was acting in haste or under a

situation approaching an emergency, it was his own act from which his injury flowed proximately, and not the act of the master."

Under the foregoing it is clear that the petition sets out no cause of action, and the general demurrer should have been sustained. See *Crooms* v. *Payne*, 26 *Ga. App.* 739 (107 S. E. 276).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*