13987. ROME RAILWAY & LIGHT COMPANY *v.* KING.

JENKINS, P. J. 1. " Where a petition states the facts upon which the claim of negligence is based, a general allegation in the petition, following a statement of the facts relied upon to show negligence, will be construed to have reference to the particular facts pleaded; and, so construed, it is not subject to special demurrer." *Fuller* v. *Inman,* 10 *Ga. App.* 680 (4) (74 S. E. 287). The petition in the instant case having fully and clearly set forth the particular acts of negligence complained of, and the conclusion not only having natural reference to the particular facts thus pleaded, but by the language of the pleadings being specifically based thereon, the special demurrer seeking to strike as mere conclusions the allegations contained in the 10th and 11th paragraphs of the petition are without merit.

2. While it is true that, where a petition plainly shows on its face an absence of liability on the part of the defendant, either because the injury was occasioned by the plaintiff's own negligence, or because by the exercise of ordinary care he could have avoided the consequences of defendant's negligence, or because the acts of negligence charged against the defendant could not legally constitute the proximate cause of the injury, it can be attacked by general demurrer as failing to set forth a cause of action (*Ga. Pacific Ry. Co.* v. *Richardson,* 80 *Ga.* 727 (7 S. E. 119); *Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432); *Freeman* v. *Savannah Electric Co.,* 130 *Ga.*

449, 451. (60 S. E. 1042); *Central of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 418 (91 S. E. 517); *Shaw* v. *Mayor &c. of Macon*, 6 *Ga. App.* 306 (64 S. E. 1102); *So. Ry. Co.* v. *Barber*, 12 *Ga. App.* 286 (77 S. E. 172); *Hester* v. *Savannah Electric Co.*, 130 *Ga.* 454 (60 S. E. 1045); *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906); *Simmons* v. *Seaboard Air Line Ry.*, 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 177); *Central of Ga. Ry. Co.* v. *Edwards*, 111 *Ga.* 528 (36 S. E. 810); *Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 443); *Andrews* v. *Kinsel*, 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. Rep. 25); *Postal Telegraph Co.* v. *Kelly*, 134 *Ga.* 218 (67 S. E. 803); *Charleston &c. Ry. Co.* v. *Patton*, 22 *Ga. App.* 554 (96 S. E. 504) ), it is nevertheless the general and well-settled rule that the determination of questions of negligence, including contributory negligence, lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what neligence, as well as whose negligence, the injury is properly attributable to, with the consequence that such question can be resolved on demurrer only in plain and indisputable cases. *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288 (1) (100 S. E. 713); *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (106 S. E. 738). In the instant case these questions could not properly be determined by the court on demurrer.

3. The court did not err in refusing to hold the ordinance pleaded void for uncertainty. See, in this connection, *Strickland* v. *Whatley*, 142 *Ga.* 802 (1) (83 S. E. 856); *Central of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 420 (91 S. E. 517).

4. The allegation in paragraph 13 of the petition, disclaiming responsibility for any possible negligence which the driver of the automobile might have been guilty of at the time plaintiff was struck as she was attempting to board the defendant's car, was mere surplusage, and should have been stricken on the special demurrer pointing out this fact. There is no presumption that the plaintiff in such a suit is responsible for the negligent conduct of third persons, and consequently the plaintiff's disclaimer of responsibility for their acts and conduct could have no bearing upon the merits of the cause. This is true although one of the main questions which may be involved is whether or not the acts and conduct of such third persons constituted the proximate cause of the injury. If such be the case, the plaintiff's right would fail, not on the theory that she is made to assume responsibility for the acts of third persons, but for the reason that the same rule of responsibility applies to the plaintiff and the defendant alike, which is that neither is accountable save for the natural and reasonable consequences of his own neligence.

*Judgment affirmed, with direction that the allegation referred to in paragraph 4 of the syllabus be stricken. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1923.

Action for damages; from Floyd superior court — Judge Wright. October 6, 1922.

The plaintiff's petition alleged that, while attempting to board a street-car operated by the defendant in the city of Rome, at 5:30 o'clock p. m., December 8, 1920, she was run over and injured by an automobile moving in a direction opposite to that in which the car was moving. Disclaiming any responsibility for the conduct of the automobile driver, or any concern with the question of whether he was at fault, she ascribed the blame to the negligence of the railway company, and specified the following facts as constituting the negligence: (1) That while common experience requires a street-car company to admit its passengers on the right side, this company closes its doors and will not permit passengers so to enter, but requires them to enter on the left. (2) That this is an inherently dangerous rule, and is aggravated by the fact that a city ordinance (exhibited) requires vehicles meeting a street-car to pass to the right (the left of the car), and those following to pass to the right (the right of the car), and also requires those following to stop while the car is taking on passengers. (3) That the company's cars carry a peculiarly dazzling electric headlight, which blinds the drivers of approaching vehicles and renders it impossible for them to see what is ahead of them. (4) That a city ordinance forbids the carrying of such lights; and that the defendant has wilfully, knowingly, and persistently refused to obey the ordinance, and that this was negligence per se.

The part of the ordinance in question which refers to the lights is as follows: " Sec. 32. No street-car or motor-driven vehicle shall be operated in the city showing what is generally known as electric headlights or searchlights, unless said lights are so modified as to throw a light that will not dazzle or blind. The head lights used shall be of such strength as to easily show the presence of the vehicle, but shall not be of such brilliance as to throw an unnecessary bright ray of light which is calculated to dazzle or blind the drivers of vehicles coming within its circle." The petition alleged that the driver of the automobile was so blinded by the headlight of the street-car on the night on which the injury occurred that he not only could not see what was in front of him, but did not even know and could not see that the car had stopped and that the accident resulted from the negligence of the company in both the particulars specified.

The defendant demurred generally and specially, upon grounds which were in substance as follows: (1) That the allegations in paragraphs 10· and 11 of the petition, to the effect that the acts complained of constituted negligence, were but mere conclusions; (2) that the petition showed on its face that the injury was the result of the plaintiff's own negligence and want of ordinary care, and that the acts of negligence complained of were not the proximate cause of the injury; (3) that the city ordinance attached to the petition was void as being too indefinite. (4) that the allegation in the 13th paragraph of the petition, that "petitioner disclaims any responsibility for the question of whether the driver of said automobile was or was not negligent," is surplusage and does not "tend to state facts supporting petitioner's contentions in said cause."

The court overruled all the grounds of the demurrer and the defendant excepted.

*Lamar Camp, Linton A. Dean,* for plaintiff in error.
*Porter & Mebane,* contra.