Jessup *vs.* Gragg.

No. 44.—JAMES JESSUP, executor, &c. plaintiff in error, *vs.* SAMUEL P. GRAGG, administrator, defendant.

[1.] After a Constable is *out of office*, he has no authority to amend or alter a levy made by him while in office.

[2.] According to the provisions of the Act of 1850, it is error for the Judge of the Superior Court, in any cause, whether civil or criminal, or in Equity, during its progress, or in his charge to the Jury, to express or intimate his opinion, as to what has or has not been proved, or as to the guilt of the accused.

Claim, in Twiggs Superior Court.    Tried before Judge Pow-
ERS, March Term, 1852.

The facts in this case are as follows: Gragg, as administrator
of William E. Dennard, had caused sundry Justices Court *fi.
fas.* of Dennard against Henry T. Gee, to be levied on a negro
named Lucinda and her child, as the property of said Gee.
The negroes were claimed by James Jessup, executor of Samuel
Jessup, to belong to the estate of said Samuel.

On the trial of the claim, the *fi. fas.* and the levies thereon
were introduced by plaintiff, when the levies were excepted to
by claimant, as not sufficiently descriptive of the property levied
on, which objection was held good by the Court; but the plain-
tiff was permitted to call in the Constable who made the levies,
and who in the mean time had gone out of office, and to have
the entries amended by him.    The plaintiff then proceeded to
prove by many witnesses that the negroes had been in posses-
sion of Gee since the rendition of the judgments, and until the
death of Samuel Jessup, when they got back into the possession
of James, his executor.

Gee was the son-in-law of Samuel Jessup, deceasd, and had
received the negroes from him about the time of his marriage.

The claimant then offered in evidence, a bill in Equity, filed
and then pending in the Superior Court of Twiggs County, at
the instance of William E. Dennard, the plaintiff's intestate,
against the claimant, as executor, and the defendant in *fi. fa.*

This bill was in relation to the property now in controversy,
and was introduced to show an admission therein on the part of
complainant, that Lucinda and her child did belong to the es-
tate of Samuel Jessup.    Objection being made, the Court ad-
mitted the testimony; remarking, however, in hearing of the
Jury, that "it was not intended in the bill to admit that Lucinda
and her child were the property of Samuel Jessup;" which is
alleged as error.    The claimant then introduced the answers
of Henry S. Ray, who proved that the negroes were in the pos-
session of Samuel Jessup at the time of his death.

The Court charged the Jury, among other things, that the tes-

timony of Ray was not material, inasmuch as the question was whether Jessup had given the property to his son-in-law or not; and that if he had, then Gee's sending it back would not defeat the lien of the *fi. fas.*

The Jury found the property subject, and the claimant excepted to the above stated decisions and charges of the Court.

Cole, for plaintiff in error.

Whittle, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The Court below erred, in our judgment, in deciding that the Constable could amend his return, as well after he had *gone out of office,* as while he was in office.

*In Hopkins vs. Burch,* (3 *Kelly,* 225,) this Court held, that a Constable while *in office,* might amend his return : for he makes such an entry, subject to his liability for a *false return*: but we are not aware, that a Constable has any such right, to perform an *official act,* after he is *out of office.* The case of *Kelsey and Halstead vs. Wiley, Parish & Co.* (10 *Georgia Rep.* 371,) was cited by the defendant in error, to establish the proposition, that an officer could amend his return after he was *out of office,* but no such question was made in that case, and no such question was decided by this Court, as will be apparent, from an examination of the facts involved in it.

[2.] The Court also erred, in stating, in the presence and hearing of the Jury, when the bill in Equity was offered in evidence, "that it was not intended to allege, that Lucinda and her child was the property of Samuel Jessup, in this bill."

The Court had ruled that the evidence was *competent,* and the party who offered it was entitled to the benefit of *all the admissions* contained in that record. The question was not what the complainant in that bill *intended* to allege, but the question was, what had he *in fact alleged therein.*

This expression from the Court was calculated to *weaken,* if not

wholly *destroy* the effect of the admission in the bill, as to Lucinda and her child, in the consideration of the Jury.   It is true, the record shows, that the remark was made to the *counsel* in the cause ; but the record also shows that ·it was made in the *presence* and *hearing* of the Jury.

This objection, we think, would have been good, independent of the Act of 1850.  With the provisions of that Act before us, we cannot hesitate in holding it to be error.   *Cobb's New Dig.* 462.

It was also·error in the Court in charging the Jury, to state to them, that "under the view that the Court took of the case, Ray's testimony was not *material*," for reasons which the Court stated to the Jury.

The testimony of Ray had been admitted to the Jury as *competent* evidence, and the Jury were the exclusive judges of its *materiality*.   There being no *direct* evidence of a gift of the negro in controversy, and she being in possession of Jessup at the time of his death, was a circumstance to rebut the presumption of a gift: but that circumstance could not defeat a title which had already vested under the law, if such a title had vested in· the alleged donee.   The fact, however, that the negro was in *possession* of Jessup at the time of his death, was *competent* evidence for the consideration of the Jury, to rebut the presumption of a gift.

This ground of error is clearly within the true intent and meaning of the Act of 1850, which prohibits the Judges of the Superior Courts, in any cause, whether civil or criminal, or in Equity, during its progress, or in his charge to the Jury, to express or intimate his opinion, as to what has or has not been proved, or as to the guilt of the accused.   *Cobb's Dig.* 462. Here the Court expressed its opinion, in charging the Jury that Ray's testimony was *not material*.   If the evidence was *competent*, the Jury were the judges of its *materiality*, and not the Court.

Let the judgment of the Court below be reversed.