TINSLEY W. RUCKER, plaintiff in error, *vs.* THE ATHENS MANUFACTURING COMPANY, defendant in error.

1. On the trial of an action for damages to plaintiff's land by back water from defendant's mill-dam, it appeared that it was only during freshets and floods that the plaintiff's land was overflowed:

*Held*, that it was error in the judge to refuse to permit the defendant to prove that not far below its dam the banks of the rivers were high and close together, so that when the water rose so as to be two feet in the dam, the water was as high below the dam as above it.

2. In an action for damages to the plaintiff's land caused by the defendant's mill-dam, as well as in other actions of trespass, if it appear that "other and contingent circumstances, *preponderate largely* in causing the injurious effects, such damages are too remote to be the basis of a recovery."

Trespass. Evidence. Damages. New trial. Before Judge RICE. Clarke Superior Court. February Adjourned Term, 1874.

Rucker brought case against the Athens Manufacturing Company for $5,000 00 damages, alleged to have been sustained by reason of water being backed upon the plaintiff's land by the mill-dam of the defendant. The defendant pleaded the general issue. The jury found for the plaintiff $1,-

500 00. The defendant moved for a new trial upon the following, amongst other grounds, to-wit:

1st. Because the court erred in refusing to allow the defendant to prove by Robert L. Bloomfield that there was a contraction in the Oconee river immediately below the defendant's dam; that the stream was a great deal narrower there than above, and the banks steep and high; that there was an abrupt bend of the river at that point, so that in times of freshets, when the water rose to the height of two feet on the defendant's dam, it was backed over the same from below, until the whole surface of the water above and below became level, and covered the dam so as to conceal it entirely.

2d. Because the court erred in refusing to charge the jury as follow: "If the jury should believe from the evidence that the said dam did contribute to some extent to occasioning the damages complained of, still, if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery, and the jury should find for the defendant."

It is deemed unnecessary to incorporate the voluminous testimony.

The motion was sustained and a new trial ordered. To this ruling the plaintiff excepted.

SPEER & THOMAS; T. W. RUCKER, for plaintiff in error.

COBB, ERWIN & COBB, for defendant.

McCAY, Judge.

1. We think the judge clearly erred in refusing to permit the defendant to prove the conformation of the banks of the stream below the dam. Under the evidence, as admitted by all parties, the plaintiff's land only suffered in times of high water. The proof shows that at times of high water the defendant's dam was itself submerged, and that the back water was caused by the narrowness of the passage below his dam.

This was a material fact, bearing directly upon the question in dispute, to-wit: whether the defendant's dam was the cause of the overflow of the plaintiff's land. It is said that in fact this evidence was afterwards admitted; and it is true that the fact of the submergence of the defendant's dam, in time of a certain high stage of water, did come out. But the plaintiff had a right to bring out the fact and the cause of it, not incidentally but as a point of his case. He had a right to make it patent, decided and clear, and to rely on it as an important branch of his defense. This the ruling of the court denied him, and though it were true that one of the facts, to-wit: the submergence of the dam, was in evidence, yet under the ruling of the court, the jury might fairly refuse to give that fact its due weight, since the judge had said that what existed below the dam was not proper for consideration. We feel, therefore, that Judge Rice very properly corrected his own error by granting a new trial. The mere fact that two events are coincident or that one happens soon after the other, is very weak proof that one is the cause of the other. Coincidence is not enough, especially one case of coincidence. There must, to a reasonable man, be, also, some reasonable effect or cause that according to human experience, acting under the known laws of nature, produces the effect. I remember to have read of a good sized boy who had no companions and but little instruction, who was firmly convinced, from his observation, that the waving of certain trees near his home was the cause of the winds that he noticed always blew when they waved; and we all know of a thousand superstitions based on nothing but the simple fact that one event has happened soon after or coincidently with another. The backing of water is regulated by the plainest and simplest laws. An obstruction in a stream cannot go further back in its influence, than to a point level with a line drawn from the top of the obstruction. And if the measurements of the engineer are worth anything, and they ought to be worth more than the opinion of many witnesses, it is impossible that the overflow of this land is caused by the dam. And we are free to say that we have no

confidence in the opinion of any one that attributes an over-flow to a cause below a point where there is rapid water.

· 2. We think, too, the court should have given to the jury that clause of section 3072 relating to remote damages.  It is plain and definite, and in accord with the idea of sections 3073, 3071 and 3070 of the Code, and they are all based on the sound principle that in every *tort* there must be a line drawn somewhere as to the limit of the causes producing. Human actions and events of all kinds rarely ever have but one cause; and the law, we think, wisely only gives an action for the prime, the leading, effective cause.  It seems absurd to contemplate, one suing two or three persons for independent acts, each contributing to the result, to-wit: a wrong, and to have juries dividing out the respective liabilities of each wrong-doer, at different times, before different courts, and perhaps on wholly different principles.  We think the rule of the Code applicable to this and to all cases of damages, and that the rule of remoteness applies not only to the damages which are the result of the act, but to the cause of the act. That it is not only true that damages which are the direct product of the act are the limit, but that only such acts as preponderate largely in producing even a direct result are the subject of suit.  Any other rule would, in almost every wrong, set afloat a number of actions, when the law only intends that the principal cause shall be the basis of a suit.

Judgment affirmed.