### PHILLIPS, JR. *vs*. THE CITY OF ATLANTA.

1. Unless there is a municipal ordinance authorizing it, the recorder cannot impose a fine for engaging in the business of a pawnbroker without license; but a valid ordinance on the subject may be enforced in that way. There is no ordinance in the record.
2. While a traverse of the answer stands undisposed of, it is error for the court to hear a *certiorari* upon its merits and render a final judgment dismissing the writ and affirming the judgment of the magistrate, whose answer as to certain matters of fact is alleged to be false.

March 18, 1887.

Municipal Corporations. License. Pawnbrokers. Practice in Superior Court. *Certiorari.* Before Judge RICHARD H. CLARK. Fulton Superior Court. September Term, 1886.

Reported in the decision.

JOHN G. COLDWELL; W. R. HODGSON, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

BLECKLEY, Chief Justice.

Phillips was summoned to answer before the recorder for engaging in the business of a pawnbroker without registering or obtaining a license. His counsel demurred to

the summons as not charging any offence legally punishable by fine; and the demurrer was overruled. Evidence was heard and a judgment rendered inflicting a fine of $300. A *certiorari* to the superior court was obtained, and to that a return by the recorder was made. A portion of that return, as to material facts, was traversed. That traverse was never disposed of. The judge of the superior court, the traverse being on the record undisposed of, heard and determined the case on its merits, dismissed the *certiorari*, affirmed the judgment of the recorder, and entered up a judgment upon the *certiorari* bond, against Phillips and his security on that bond, for the amount of the fine.

· 1. As to the point that the demurrer should have been sustained, we hold merely this: Unless there is a municipal ordinance authorizing it, the recorder cannot impose a fine for engaging in the business of a pawnbroker without license; but a valid ordinance on the subject may be enforced in that way. Code, §2137. There is no ordinance in the record. We are inclined to think that it was incumbent upon the recorder, if he rested his judgment overruling the demurrer upon an ordinance of the city, to make a return of that ordinance in answer to the writ of *certiorari*. If the petition disclosed that there was an ordinance, it would have been the duty of the petitioner to set it out. But the demurrer went upon the theory that there was none; and if there were none, of course the petitioner could not set it out. If the demurrer was properly overruled, the authority for overruling it must have been some ordinance, and this makes the question whether there was such an ordinance. We are inclined to think it was matter for the city to show rather than the petitioner, because the petitioner's theory is that there was no such ordinance.

2. With regard to the action of the court in disposing of the *certiorari* while a traverse of the recorder's return was pending, there can be no question of its irregularity; and we think it of sufficient importance to remand the

case. The traverse is either material or immaterial. If immaterial, it ought to have been demurred to by the city and put out of the case; if material, the issue formed upon it should have been tried by a jury. Code, §4066. The court seems to have assumed that the traverse was true; but there is no statement in the record that it was admitted to be true, or that it was dealt with in any regular manner whatever. If it was admitted true, the admission ought to have gone into the record, so that the court could know, and we could know in reviewing its decision, exactly the state of facts upon which the *certiorari* had to be or ought to be determined. It cannot, as some suppose, be of little consequence to observe regularity in judicial proceedings. It is a mistake to attempt to reach the end of controversy in any way except the way prescribed by law. The art of administering justice, if an art at all, is obliged to be important. It has been practiced for ages, and is one of the institutes of all civilized countries. To let go form and regularity is to confess before the world that the profession of the law is a needless profession. The essential difference between courts of law and other instrumentalities for administering justice is, that courts, aided by lawyers, know how to do it; other people do not. When the truth of a magistrate's return is traversed, the first business in order is to dispose of the traverse. That being done, you are ready for the main work. So long as the traverse stands undisposed of, the case is not ripe for hearing upon the merits, and no such hearing should be had. There may or may not be in this record enough to uphold the judgment affirming the recorder's judgment, but the recorder's judgment never has been properly reviewed. The case was not in a condition to deal with finally at the time the judgment of affirmance was pronounced. There ought to be another hearing.

Judgment reversed.