## · 519.  MIMBS v. THE STATE.

1. There was no error in refusing a new trial on the ·ground that there was not sufficient evidence to support the conviction.
2. The testimony of a witness, in referring to an act which took place in his presence, "It seems to me that he closed the door behind him, but I can not say positive that he did close the door, I was so far away," is not subject to objection on the ground that it is opinionative.

Accusation of keeping lewd house, from city court of Mount Vernon—Judge Geiger.   April 16, 1907.

Submitted July 17,—Decided July 25, 1907.

*William B. Kent, A. C. Saffold,* for plaintiff in error.

*W. M. Lewis, solicitor,* contra.

POWELL, J.   1. The defendant was convicted of maintaining and keeping a lewd house.   The evidence shows that the defendant, her daughter, and her niece lived together; that men were seen frequenting the place by night and by day; that the defendant had a general reputation of being a lewd woman, and the house of being a place of prostitution.   This was sufficient.   *McCain* v. *State,* 57 *Ga.* 391; *Hogan* v. *State,* 76 *Ga.* 82.

2. A witness may testify to facts with a degree of certainty less than that of absolute positiveness.   Many men guard their statements as to facts concerning which they are most certain, with expressions indicative of doubt.   With some people, notably the Scotch, this cautiousness is almost a national trait.   But that the witness is not willing to state positively the existence of a fact of which, from the· nature of things, he has some knowledge does not render his testimony inadmissible.   The statement of the witness in this case, "It seemed to me .that he closed the door behind him," taken in connection with the context, manifestly showed that the witness was not attempting to give his opinion, but to state the impression of his mind as to a fact concerning which his recollection or ability to see perfectly would not permit him to state with more positiveness.   In *Franklin* v. *Macon,* 12 *Ga.* 257, the court says: "It is not sufficient to exclude the· testimony of a witness, who swears that 'the impression resting on his mind, was so and so,' as every witness must swear according to the impressions on his mind, which are the materials of his knowledge, and this is only a

more cautious mode of expressing himself." Ordinarily, the words "it was my understanding," when used by a witness, mean his knowledge and recollection of the fact, though of course there are times when these would be apt words to express merely the opinion of the witness; in the former event the evidence is admissible, in the latter not so. *Moody* v. *Davis,* 10 *Ga.* 403; *Fielder* v. *Collier,* 13 *Ga.* 496; *Neal* v. *Field,* 68 *Ga.* 557; *Martin* v. *State,* 38 *Ga.* 297; *Printup* v. *Mitchell,* 17 *Ga.* 558 (3), 63 Am. Dec. 258. The words "I believe" ordinarily indicate that what follows them is merely the opinion of the witness; but this is not always so. They may be merely words of caution; in which event the evidence is admissible notwithstanding the statement may be prefaced by these words. *Thompson* v. *Davitte,* 59 *Ga.* 483 (13) ; *Imboden* v. *Etowah Co.,* 70 *Ga.* 87 (12d). In *Central R.* v. *Coggins,* 73 *Ga.* 689, it is held, that, taken in connection with the other facts to which he deposed, it was not error to permit the plaintiff to testify that "as the engineer slacked up for the switchman to get on the train, he seemed to shut off his engine, and the car ran up on the engine, and he opened his engine right suddenly, I suppose." As to the use of the word "suppose" as qualifying the statement of the witness, but not rendering it inadmissible, see *Atlanta Ry. Co.* v. *Beauchamp,* 93 *Ga.* 6, 19 S. E. 24. In *Thomas* v. *State,* 67 *Ga.* 464 (4), the Supreme Court says, "The appearance of a thing is a fact." To state that a thing "seems" so to a witness is merely to state its appearance as viewed by the witness. See, in this connection, *Roberts* v. *State,* 123 *Ga.* 146, and cit. The words used by Justice Lumpkin in the case of *Franklin* v. *Macon,* 12 *Ga.* 261, are still true and apply to existing conditions. We therefore quote them with approval: "I have long been satisfied that we are too hide-bound and restricted in our practice, with regard to the admissibility of evidence. The books of *Reports* will show that there is no State in the Union, and no country in the world, where there are as many captious objections made to the testimony. It is high time that the practice should be discouraged. . . Nothing tends more to embarrass a trial, civil or criminal, than the frequent and frivolous objections that are so commonly and so capriciously made to the introduction of the proof."       *Judgment affirmed.*