864.  GEORGIA, FLORIDA & ALABAMA RAILWAY COM-
PANY v. SIZER & COMPANY.

1. It was error to direct a verdict against the traverse filed to the answer
of the judge of the city court, the subject of the traverse being material
to the issues involved in the certiorari, and there being a direct issue
of fact as to this, which should have been submitted to the jury.
2. Any disposition upon the merits of a certiorari is premature until the
traverse has been properly disposed of; and a judgment upon the cer-
tiorari, in advance of a legal disposition of the traverse, is nugatory
and void.

Certiorari, from Decatur superior court—Judge Spence.  No-
vember 12, 1907.

Submitted February 3,—Decided March 30, 1908.

*Pottle & Glessner, Donalson & Donalson,* for plaintiff in error.
*T. S. Hawes,* contra.

RUSSELL, J.  The Georgia, Florida & Alabama Railway Com-
pany sued out a distress warrant against Cheeves & Sons for the
rental of a side-track; and the warrant was levied upon certain cars
of lumber, at that time in possession of the railway company itself.
Sizer & Company filed a claim to the lumber, and, the case being
tried in the city court of Bainbridge by the court without a jury,
the court found in favor of the claimant.  The railway company
filed a certiorari; the judge of the city court filed an answer;
the company filed a traverse to the answer of the judge.  Upon
the trial of the traverse, in the superior court, the court directed
a verdict against the first ground of the traverse, and the jury
found against the second ground.  After the traverse was thus
disposed of, the judge overruled the certiorari.  Exception is taken
to the direction of the verdict, and to the judgment overruling
the certiorari.

We think the court erred in directing the jury to find
against the first ground of the traverse.  A pointed issue of fact
was presented, which it was the province of the jury, and not of
the judge, to determine.  Quite a number of witnesses testified
upon the subject, and it seems to us that the preponderance of the
evidence, as to the real substantial matter in dispute, was largely
in favor of the traverse.  Counsel for the defendant in error in-
sists, however, that the court was authorized to direct a verdict,
because it was not proved, as alleged in the traverse, that the lum-

ber was in Bainbridge before the agent of the company at Damascus received shipping instructions tending to show that the lumber was the property of the claimant. This, no doubt, was the view entertained by the trial judge. Every traverse to an answer to a certiorari must be substantially proved; and if there had been a failure in this regard, the court would have been authorized to direct a verdict. The material point involved, however, in the first ground of the traverse was not whether the lumber had reached *Bainbridge* before the agent at Damascus received notification of Sizer & Company's claim, but whether *it had left the station at Damascus* and had been taken into possession by the company, not as a carrier, but as a bailee. The evidence in support of the first ground of the traverse and in favor of the plaintiff upon this ground was ample. The issue should have been submitted to the jury, and failure to so submit it vitiated all subsequent proceedings.

It is insisted, however, that the plaintiff in error was not hurt by this ruling, even if it were erroneous, because, upon the subsequent hearing of the certiorari, the credibility of the witnesses, in case of conflict, was for the judge; and the jury having found against the second ground of the traverse, there would have been, therefore (even if the jury had found in favor of the first ground of the traverse), a conflict in the testimony, and the judge would have had the right to give the preference to such testimony as he saw proper to prefer. Admitting this to be true, the erroneous direction of the verdict against the first ground of the traverse prevented the judge from exercising his discretion in the matter. Of course there can be no presumption one way or the other as to which witnesses the judge would have believed in preference to others, if the jury had found in favor of the first ground of the traverse and found, as they did, against the second ground. Any disposition of the certiorari, until the traverse has been properly disposed of, is premature; and before the traverse is legally disposed of, any disposition of the certiorari is nugatory and of no effect. Even if there were enough in the record to uphold the judgment dismissing the certiorari and affirming the judgment of the city court, that judgment has never properly been reviewed. The case was not in a condition to be finally dealt with at the time that the judge of the superior court pronounced his judgment of affirmance. *Phillips* v. *Atlanta,* 78 *Ga.* 775 (3 S. E. 431). As said by Chief

Justice Bleckley, in the *Phillips* case, supra, and in dealing with the subject which is now before us: "It is a mistake to attempt to reach the end of controversy in any way except the way prescribed by law. The art of administering justice, if an art at all, is obliged to be important. It has been practiced for ages, and is one of the institutes of all civilized countries. To let go form and regularity is to confess before the world that the profession of law is a needless profession. The essential difference between courts of law and other instrumentalities for administering justice is, that courts, aided by lawyers, know how to do it; other people do not. When the truth of a magistrate's return is traversed, the first business in order is to dispose of the traverse. That being done, you are ready for the main work." The traverse was either material or immaterial. If it was immaterial, it should have been stricken by the court. The court very properly did not strike it, for it presented a material question in the case. The issue raised was whether or not the agent of the railroad company at Damascus received the shipping instructions before or after the lumber left Damascus. The claimants contend that there had been a sale of the lumber to them before the levy of the distress warrant. As there could be no sale of personal property without delivery, the claimants were compelled to rely upon showing delivery to the railroad as a common carrier, and attempted to do so. If the sale by Cheeves to Sizer & Company was not completed by delivery, and if the lumber, at the time of the levy of the distress warrant, was in the hands of the railway company merely as a bailee or a depository for hire, the property was subject to the distress warrant of the plaintiff in error. Cheeves & Company had control of the shipment as long as anything remained to be done which was necessary to be done before its acceptance by the carrier, as such, for shipment; and the fact that the lumber was in possession of the plaintiff itself, as bailee, would not prevent the bailee from subjecting it to a debt due it.

The vital question in the case is, whether the relationship of bailee had ceased and that of carrier had begun at the time the distress warrant was levied. Any evidence tending to throw light upon that question was material. The relation of shipper and carrier does not begin between the owner of goods and a railway company, though the former may have delivered the goods to the

latter, if, after such delivery, anything required, either by law or the contract, remains to be done by the shipper; and in such case the rights and liability of the company are those only of a warehouseman. "Where goods to be shipped are situated upon a spur-track of a railway company, and the owner has no track scales, thus rendering it necessary to move the loaded car to the company's depot for the purpose of weighing the same, so as to ascertain the proper amount of freight charges, the delivery of such cars will be treated as having been made to such company at such depot." *Dixon* v. *Central Ry. Co.,* 110 *Ga.* 174 (35 S. E. 369).

If the testimony for the plaintiff in this case be believed (in case the ground of traverse to the answer with reference to the testimony of Mr. Cannon is sustained), the circumstances very strongly tend to prove that the car was in Bainbridge and that the distress warrant had been levied at the time that the agent of the railway company at Damascus received his first instructions as to the shipment of the lumber; and the evidence is undisputed that this was a prepaid shipment which had to be weighed at Bainbridge before the amount of freight could be determined or a bill of lading issued. We express no opinion, however, upon this portion of the case, because the comparative weight of the evidence is to be determined by the judge of the superior court after the issue raised by the traverse has been properly passed upon by a jury.                 *Judgment reversed.   Powell, J., disqualified.*