### 1630.  SHAW v. MAYOR AND COUNCIL OF MACON.

The allegations of the petition clearly showing that the negligence charged against the defendant was not the main, controlling, preponderating, or proximate cause of his injury, the court did right in sustaining a demurrer and dismissing the petition.

Action for damages, from city court of Macon—Judge Hodges. December 17, 1908.

Argued February 24,—Decided June 15, 1909.

*L. D. Moore,* for plaintiff.

*C. H. Hall Jr., Roland Ellis,* for defendant.

HILL, C. J.  Shaw sued the Mayor and Council of the City of Macon to recover damages for personal injuries.  A demurrer was filed by the city, which the court sustained, and this judgment is the error assigned.  The allegations of the petition, briefly stated, make the following case:  On the day of plaintiff's injury, he was riding a bicycle on Main street.  When he was opposite the warehouse or place of business of A. T. Small, he found that two thirds of the entire width of the street was blocked by farm wagons and by bales of cotton placed there by Small, leaving only a narrow driveway barely sufficient for two ordinary vehicles to pass on the street.  There was no other way for him to go to his destination than to proceed down Main street, and he was compelled to ride through the narrow space left between the cotton and wagons. Soon after he entered the north end of the street he saw W. M. Guerry enter the south end, driving a horse hitched to a buggy, traveling in a fast trot; and immediately upon observing Guerry approaching him, he stopped his wheel, drew himself close against the cotton, and caught hold upon the cotton with his left hand, intending to pull himself up against the cotton so as to escape collision with the horse and buggy, and before he had time to climb to the top of the bales of cotton the horse and buggy reached him and the small end of one of the buggy-shafts struck his right arm and he received the injuries for which he brings suit.  He charges, that the defendant city caused his injury, by reason of the fact that it had permitted the bales of cotton to be stacked in and upon the street and allowed the street to be blocked and obstructed for weeks and months prior thereto, and neglected to require this obstruction removed from the street; and that the

obstruction constituted a public nuisance for the maintenance of which the defendant was responsible.

The demurrer attacked the petition on the grounds: (1) The allegations showed that the negligence alleged against the defendant was not the proximate cause of the plaintiff's injury. (2) Under the allegations of the petition, the direct and immediate cause of the injury was the collision of the plaintiff with the buggy driven by Guerry, in which collision the defendant is not charged with having any part. (3) The allegations show that the injuries received by the plaintiff were not the natural and probable consequences of the negligence charged against the defendant.

We think the demurrer was properly sustained. It seems clear from the allegations of the petition that the negligence charged against the defendant was not the proximate cause of the plaintiff's injury, but that the proximate cause of his injury was the act of the driver of the buggy. No inflexible rule of law can be laid down for determining what would be the proximate cause of an injury. The question must be solved by the facts of each particular case. It may be stated generally that the negligence upon which a recovery can be predicated must be the chief preponderating and proximate cause of the injury. The doctrine is so fully covered and well settled by both the statute law of this State and the repeated rulings of this court and the Supreme Court that any elaboration is deemed profitless. Civil Code, §§3911, 3912, 3913; *Platt* v. *Southern Photo Co.*, 4 *Ga. App.* 159 (60 S. E. 1068); *Southern Ry. Co.* v. *Tankersley*, 3 *Ga. App.* 548 (60 S. E. 297); *Vinson* y. *Willingham Mills*, 2 *Ga. App.* 53 (58 S. E. 413); *Southern Ry. Co.* v. *Flynt*, 2 *Ga. App.* 162 (58 S. E. 374); *Shields* v. *Ga. Ry. & El. Co.*, 1 *Ga. App.* 174 (57 S. E. 980); *Brown* v. *Atlanta*, 66 *Ga.* 71; *Rucker* v. *Athens Mfg. Co.*, 54 *Ga.* 84; *Mayor & Council of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 443), and citations.                     *Judgment affirmed.*