15136.   SOUTHERN RAILWAY COMPANY v. PAIR.

Although it appears from the evidence that the engineer was unable to stop the train after the automobile, which had stalled on the railroad-track at a public crossing, became visible to him, this court cannot as a matter of law hold that the degree of care imposed by law was exercised on the part of the railroad company in the approach of the train before the crossing became visible, or that the proximate cause of the striking of the automobile by the train was not the failure to exercise such care. Consequently the jury's finding thereon, approved by the trial judge, cannot be set aside.

DECIDED MAY 17, 1924.

Action for damages; from Cobb superior court—Judge Blair. January 5, 1924.

*Fred Morris, Maddox, McCamy & McFarland,* for plaintiff in error.

JENKINS, P. J.  Plaintiff recovered $200 on account of the demolition of his Buick automobile which was struck by a locomotive of the defendant company on a public-road crossing. It indisputably appears that the car had stalled on the track, and had so remained for about a minute and a half before it was struck; that the self-starter was not working, and the plaintiff had promptly gotten out to crank the car, but was delayed in doing so, on account of having left it in gear; and that before he could get back, adjust the gear, and crank the car, it was struck by the fast-moving train. Plaintiff alleged negligence on account of the failure of the defendant company to blow the whistle of the locomotive on approaching the crossing, on account of its failure to maintain a lookout, and on account of the negligent rate of speed at which it approached and passed the crossing. Upon the question as to whether the whistle was blown the evidence was in conflict. The evidence for the defendant was that the train passed the crossing at a speed of about forty miles per hour, and that this was perhaps ten miles per hour faster than usual and customary. The evidence shows that the crossing is upon a curve, and that consequently the car could not be seen until the train was almost immediately upon it, and that, traveling at the rate it was, nothing could have been done to avoid the collision after the car had been or could have been discovered.

1.   Negligence which could not constitute the proximate cause of the injury is not such as will authorize a recovery. *Shaw* v.

*Mayor &c. of Macon*, 6 *Ga. App.* 306 (64 S. E. 1102). Accordingly, since, under the undisputed evidence, the car had already stood stalled upon the track prior to the time that the whistle should have been sounded, the failure of the defendant so to do could not authorize a recovery, unless the jury should have believed that such warning would have enabled the plaintiff to save the car by pushing it out of danger.

2. The blow-post law as amended no longer imposes the specific duty which formerly required that, upon reaching the blow-post, the engineer should check and keep checking the speed of the train so as to stop in time should any person or thing be crossing the track on the road; but the amended law (Ga. L. 1918, pp. 212, 213) provides that, "after reaching the blow-post furthest removed from said crossing, and while approaching said crossing," the engineer "shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, and shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on such crossing, or upon the line of said railway at any point within fifty feet of such crossing." While it appears that the engineer was unable to stop the train, traveling at the rate of speed it was, after the car had become visible, this court is unable to say, as a matter of law, that the defendant exercised the degree of care imposed by law in approaching the concealed crossing, or that its failure to do so did not constitute the proximate cause of the injury. Consequently the approved finding of the jury on that issue cannot be set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*