## 25727. JONES v. THE STATE.

DECIDED SEPTEMBER 16, 1936.

*C. G. Battle,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. Crawford Jones was convicted in the criminal court of Atlanta of possessing liquor. Certiorari was taken to the superior court of Fulton County. His petition for certiorari alleged, in part, that the State had failed to prove the venue of the crime charged against him. The trial judge in answer to the certiorari stated that the venue was proved. This answer was traversed, and the issue submitted to a jury. A verdict was returned, sustaining the answer. A motion for new trial was overruled, and the certiorari was thereafter overruled on all the grounds set out therein. The case came before this court by writ of error to that judgment and on exception to the overruling of the motion for new trial.

The main issue presented in this court is whether there was any evidence to support the finding of the jury in favor of the answer of the trial judge that the venue of the crime charged against the defendant was proved at the trial. The defendant's attorney testified that no witness swore, on the trial of the defendant in the criminal court, that the transaction took place in Fulton County. The solicitor testified that he tried three or four thousand cases each year, and that it was impossible for him to re-

member the evidence in any particular case. "It is my custom and practice in all cases to ask the question, after the witnesses have gone far enough to state the facts of the case; 'Was that in Fulton County, State of Georgia, on or about the date named in the accusation?' I am reasonably certain that I asked that question in this case, and that the officers testified that it was in Fulton County, State of Georgia." He further testified that he believed he could swear positively that the officers testified that the crime took place in Fulton County.

A somewhat anomalous situation is presented by the certiorari practice in this State. When an ordinary motion for new trial is presented, the necessary brief of evidence accompanying it must have the approval of the trial judge, to give life to the motion. A petition for certiorari, containing an exception to the sufficiency of the evidence, sets out the evidence. The trial judge is required to make answer to the allegations in the petition for certiorari as to the correctness of the evidence, and the plaintiff is given the right to traverse this answer, and a new issue is formed to be tried by a special jury. As a trial judge passing on a motion for new trial, the brief of evidence is a sine qua non to the proceeding; as a trial judge making answer in certiorari as to what evidence was produced before him, an issue may be formed for determination by the jury.

It is insisted by counsel for defendant, that the testimony of the solicitor, as to his general custom in putting to the witness in each case the question concerning facts to establish the venue, and that he was "reasonably certain" he did so in this particular case and that the officers testified that "it was in Fulton County, State of Georgia," is not competent and sufficient evidence to uphold the verdict. Upon just what theory this evidence should be held to have no probative value as to whether the venue was established, which was the issue made by the traverse, is not stated by counsel for defendant. However, we think the following authorities show that the evidence was of sufficient probative value to sustain the verdict. In *Franklin* v. *Macon*, 12 *Ga.* 257, Judge Lumpkin said: "Every witness must swear according to the impressions on his mind. They are the materials of his knowledge. It is usually only a more cautious mode of expressing their belief. . . I have long been satisfied that we are too hidebound and restricted in our

practice, with regard to the admissibility of evidence. . . It is high time that the practice should be discouraged." See also *Thompson* v. *Davitte,* 59 *Ga.* 472; *Brinkley* v. *Bell,* 131 *Ga.* 226 (62 S. E. 67); *Mimbs* v. *State,* 2 *Ga. App.* 387 (58 S. E. 499). As was said in Hoitt *v.* Moulton, 21 N. H. 586: "Witnesses are not required to give their testimony with absolute positiveness. If the fact is impressed on the memory, but the recollection does not rise to positive assurance, it is still admissible to be weighed by the jury." It is said in Wigmore on Evidence (2d ed.), §§ 726, 728: "The witness, it may happen, can not recollect positively,— is not sure,— 'thinks' it was so,—has an 'impression',—'believes,' or the like. How far is such a degree of recollection satisfactory? It is a commonplace of judicial experience that testimony most glibly delivered and the most positively affirmed is not always the most trustworthy. The honest witness who will not exaggerate the strength of his recollection is well worth listening to, because of this very caution. Moreover, to accept such 'impressions' and 'beliefs' is after all not dangerous, since they carry in themselves a warning of their evidential weakness." When the terms "impression," "belief," and the like are based on or signify a total lack of original observation, and are mere conjectures, based on rumors, intuitions, prejudices, and the like, they are inadmissible. "So far as these terms signify merely an *inferior quality* (a) in the *observation* or (b) in the *recollection* of the witness, such testimony is receivable, subject to the trial court's discretion."

Likewise testimony, as in the present case, based on habit or custom or general plan or design, is not without probative value. "Of the probative value of a person's habit or custom, as showing the doing on a specific occasion of the act which is the subject of the habit or custom, there can be no doubt." Wigmore on Ev. (2d ed.), § 92. In 48 C. J. 899, it is said: "In a prosecution for false swearing to an affidavit, the testimony of the officer whose jurat is attached to the false affidavit, that he swore the accused, or that it was his general practice to administer a proper oath under the circumstances, and he is certain the custom was followed in the particular instance, is sufficient." In State *v.* Rupp, 96 Kan. 446 (151 Pac. 1111, L. R. A. 1916B, 848), the accused was charged with perjury in making a false affidavit and he denied that he was sworn. The following evidence by the attesting officer

to the affidavit, was held competent to rebut the accused's denial: "That, while he had no specific recollection of this particular transaction, his custom in such cases was to, administer the oath in the form prescribed by statute, and he was confident the custom had been followed in this instance." In Komp v. State, 129 Wis. 20 (108 N. W. 46), a perjury case based on a false affidavit, the conviction was upheld when the attesting officer swore "that to the best of his knowledge and belief and judgment he administered the oath to Komp; . . that he was a very busy man and administered many oaths; that he kept no record of them; that he did considerable work of this nature for Mr. Komp; that his testimony was based on the fact that he made a practice not to put his name to a jurat unless he swore the affiant, and upon the fact that he found his name signed to the jurat; . . that he had no definite recollection independent of the papers." See also Mumford v. Coghlin, 249 Mass. 184 (144 N. E. 283); Cooper v. Nisbel, 119 Ga. 752 (2) (47 S. E. 173). From what has been said we are of the opinion that the verdict is supported by some competent evidence.

■ The judge of the superior court did not err in charging the jury that the burden was on the plaintiff in certiorari to establish the contentions of his traverse, by a preponderance of the evidence. See Ga., Fla. & Ala. Ry. Co. v. Sizer, 4 Ga. App. 126 (60 S. E. 1026). Nowhere in the charge did the judge charge the jury that they should consider the answer as evidence.

■ The court did not, for any reason assigned, err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*