36174.   GALLOWAY, by Next Friend, *v.* GREENWOOD *et al.*

DECIDED JULY 9, 1956.

*Northcutt & Edwards, Edwin R. Johnston,* for plaintiff in error.
*James I. Parker, Mundy & Gammon,* contra.

QUILLIAN, J. 1. The plaintiff insists that the trial judge erred in sustaining the general demurrer to the petition. In negligence cases, the petition, to set forth a cause of action, must show that the defendant failed to exercise the degree of care he owed the plaintiff and that his negligence proximately caused injury to the plaintiff or damage to his property. A petition lacking either of these elements is subject to general demurrer. Without question the averments as to the defendant Greenwood's conduct were sufficient to charge that on the occasion when the plaintiff was injured Greenwood failed to exercise ordinary care in the operation of his automobile, the degree of care required of him in the factual situation shown by the petition.

The question as to whether the petition showed causal connection between the defendant Greenwood's negligence and the event resulting in the plaintiff's injury is more difficult. If it did not appear from the facts alleged that Greenwood's negligence was the proximate cause of the injuries to the plaintiff, or if the facts

pleaded revealed that some other intervening agency independent of the defendant's negligence was "the chief preponderating and proximate cause" of said injuries, the petition was properly dismissed on general demurrer. *Shaw* v. *Mayor &c. of Macon,* 6 *Ga. App.* 306 (64 S. E. 1102) ; *Southern Ry. Co.* v. *Pair,* 32 *Ga. App.* 378 (123 S. E. 142) ; *Artope* v. *Central of Georgia R. Co.,* 38 *Ga. App.* 91 (143 S. E. 127).

But in *Wright Contracting Co.* v. *Davis,* 90 *Ga. App.* 548 (83 S. E. 2d 232), it was held, on page 552: "The plaintiff in error insists that the petition shows no causal connection between the defendant's negligence and the casualty suffered by the plaintiff. The facts pleaded show that the defendant was negligent in certain particulars that could have caused the death of the plaintiff's husband, and this is followed by the general allegation that these specified acts of negligence did have that proximate result. This was sufficient as against a general demurrer."

The petition does not very clearly show the specific manner in which the alleged negligence of the defendant Greenwood caused Mrs. Carter to lose control of her automobile. It is alleged: "As a result of the negligent operation of his automobile by the defendant Greenwood and as a result of the negligent operation by Mrs. Carter of the automobile of her husband, the defendant Mrs. Carter lost control of the automobile she was driving, said autmobile swerved across the highway three or four times as she approached the railing of a bridge located on the highway, and then swerved to and off the left side of the highway after crossing said bridge."

However, it does contain the allegation that the defendant Greenwood's negligence, together with that of the defendant Mrs. Carter, caused the plaintiff to be injured. It cannot be said that the conduct of Greenwood in driving at a speed greater than was reasonable and safe when passing Mrs. Carter on her right, so that both automobiles involved swerved, did not materially contribute to the cause of Mrs. Carter's losing control of the automobile in which the plaintiff was riding when injured.

We think the petition set forth a cause of action. In view of what is here held, the question whether the trial judge should have allowed the plaintiff time in which to amend his petition becomes moot and will not be decided.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*