39783.  CHARLESTON & WESTERN CAROLINA RAIL-
WAY COMPANY et al. v. HEATH.

CARLISLE, Presiding Judge.  Plaintiff's son, age 10 years, was in-
jured when he rode his bicycle into the side of the fourteenth
car of defendant's freight train which was at the time pro-
ceeding across a public crossing near plaintiff's home.  The
evidence shows that this collision occurred at about 5:30 in
the afternoon in clear daylight on September 28, 1959.  In
his petition plaintiff alleged that the defendant was negligent
in maintaining the crossing in a dangerous and hazardous
condition in that it permitted the surface of the road to be-
come worn and slick from use and also allowed sand to accu-
mulate thereon resulting in poor traction which would tend
to cause wheels to slip and slide when brakes were applied;
in maintaining the grade crossing without any automatic
device to warn the public of the approach and passage of
trains across it; in failing to sound the whistle of the locomo-
tive in accordance with the requirements of the blow-post
statute; in operating the engine at a dangerous and reckless
rate of speed of 60 miles per hour; and in failing to take steps
to prevent the injury to the plaintiff's son after the enginemen
had seen him in a position of peril and knew that he was
oblivious to the approach of the train.  Upon the trial of
the case, the jury was unable to agree and the defendant,
having made a motion for a directed verdict, thereafter moved
for a judgment notwithstanding the mistrial.  That motion
was overruled and the exception here is to that judgment.
This assignment of error presents for this court's decision
only the question as to whether the evidence introduced was
sufficient to authorize a jury to find that the defendant was
guilty of negligence in one or more of the ways charged,
and, if so, that such negligence was a proximate cause of the
injuries received by the plaintiff's son.
1. There was not one shred of evidence introduced in proof that

the pavement on the approach to the crossing had been worn so slick as to cause wheels to skid thereon when the brakes were applied. Neither was there any proof that any one of the enginemen saw plaintiff's son in a position of peril or that they had an opportunity to warn him or to cause the speed of the train to be reduced prior to the time he collided with the side of the fourteenth car. Accordingly, no recovery was authorized on those grounds of negligence.

2. The petition alleges, and the evidence shows, that the plaintiff's son was a normal boy. It is not alleged, nor is it shown by the evidence, that he was laboring under any physical disability which would have prevented his seeing the train, and a contrary presumption must prevail. *Moore v. Seaboard Air Line R. Co.,* 30 Ga. App. 466 (2) (118 SE 471). Another boy, whose age is not shown but who was riding his bicycle alongside of and with plaintiff's son, saw the train, applied his brakes and stopped in time to avoid striking it. Two witnesses riding in a truck a short distance behind plaintiff's son and approaching the crossing saw the train and observed plaintiff's son on his bicycle before, at the time of, and after the collision. These witnesses both testified that they saw the train and saw the boy attempting to apply his brakes, and they both testified positively that the bicycle did not skid. The injured boy himself did not testify that his bicycle, or the wheels thereof, skidded on any sand in the road, but merely stated that his brakes did not hold. There was no evidence that sand in the roadway, if there was any, had anything to do with the injury.

3. Every facet of the case points conclusively to the fact that plaintiff's son in fact did see the train in time to avoid running into it and that he would have stopped and not been injured but for the fact that the brakes on his bicycle failed. In these circumstances neither the failure to have erected at the crossing an automatic warning device nor the failure to sound the whistle on the locomotive had any causal connection with the injury. *Moore v. Seaboard Air Line R. Co.,* 30 Ga. App. 466 (5), supra; *Atlantic C. L. R. Co. v. Strickland,* 87 Ga. App. 596, 604 (2) (74 SE2d 897). Negligence, to be the basis of recovery, must be shown to have been the proximate cause of the injuries sued for. *Shaw v. Mayor &c. of Macon,* 6 Ga. App. 306 (64 SE 1102); *Southern R. Co. v.*

*Pair,* 32 Ga. App. 378 (1) (123 SE 142); *Carroll Electric Membership Corp. v. Simpson,* 106 Ga. App. 29 (126 SE2d 310).

4. The evidence fails to show that any of the acts or omissions of the defendant which are alleged to have been negligent, had any causal connection with the injuries to the plaintiff's son, but, on the contrary, it affirmatively shows that the sole proximate cause of his injuries was the failure of his brakes to hold when he attempted to apply them. It follows that the trial judge erred in overruling the motion for a judgment notwithstanding the mistrial made by the defendant.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED OCTOBER 25, 1962—REHEARING DENIED NOVEMBER 15, 1962.

*Cumming, Nixon, Eve, Waller & Capers, Joseph B. Cumming,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.