21932. HEATH v. CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY et al.

ARGUED MARCH 11, 1963—DECIDED APRIL 4, 1963.

*Randall Evans, Jr.,* for plaintiff in error.
*Joseph B. Cumming,* contra.

ALMAND, Justice. James W. Heath, Sr., brought suit against the Charleston & Western Carolina Railway Co. and the Atlantic Coast Line Railroad for medical expenses and loss of services of his ten-year-old son who was injured when he rode his bicycle into the side of the fourteenth car of defendants' freight train which was passing over a public street crossing. Among the several grounds of negligence complained of, plaintiff charged that the defendants' engineer who operated the train which injured plaintiff's son failed to blow the whistle of the train as required by *Code Ann.* § 94-506.

On the trial of the case the defendants' motion for a directed verdict was overruled. The case went to the jury which was unable to reach a verdict and a mistrial was declared. Defendants' motion for judgment notwithstanding the mistrial was overruled. The Court of Appeals reversed. *Charleston & Western Carolina R. Co. v. Heath,* 107 Ga. App. 23 (129 SE2d 92). The Court of Appeals ruled that the failure to sound the whistle on the locomotive had no causal connection with the injury saying, in Division 4 of their opinion: "The evidence fails to show that any of the acts or omissions of the defendant which are alleged

to have been negligent, had any causal connection with the injuries to the plaintiff's son, but, on the contrary, it affirmatively shows that the sole proximate cause of his injuries was the failure of his brakes to hold when he attempted to apply them. It follows that the trial judge erred in overruling the motion for a judgment notwithstanding the mistrial made by the defendant."

The plaintiff's application for certiorari to review this judgment was granted. The sole questions for review are: (1) Was there any evidence to authorize a jury to find that the defendants were guilty of any of the several acts of negligence charged? (2) Was there any evidence which would authorize a jury to find that such acts of negligence, if they in fact occurred, were the proximate cause of the boy's injuries, or did the evidence conclusively show that the proximate cause of the accident was the failure of the boy to exercise that care for his own safety which his mental and physical capacity fitted him for exercising, or that the failure of the brakes was the proximate cause?

We have carefully reviewed the evidence as to these two questions. We find from the evidence that jury issues and not questions of law for this court were made on two questions, viz., (1) Did the engineer fail to give the required warning of his approach to the crossing? (2) Was that failure, if it occurred, the proximate cause of the accident?

As to how and in what manner the plaintiff's son was injured, the evidence, though in conflict, was sufficient to show that: (a) the plaintiff's home was located on a public street about 170 feet from the railroad crossing where the boy sustained his injuries; (b) a few seconds before the defendants' train approached the crossing the plaintiff's son and a playmate got on their bicycles and approached the crossing; (c) the engineer, in approaching the crossing, failed to sound the whistle as required by law (the evidence on this as well as most of the other points was conflicting); (d) the plaintiff's son would have heard the whistle had it been sounded and would have thus been made aware of the presence of the train; (e) the plaintiff's son was not aware of the presence of the train until he was approximately 13½ feet away from the train as it was passing over the crossing; (f) the boy could not stop within a distance of 13½ feet at the

speed at which he was traveling but, at that speed, upon the application of his brakes, he would travel a distance of from 15 to 20 feet before stopping. If the jury believed this favorable evidence it could find that the proximate cause of the accident was the failure of the defendants' engineer to blow the whistle of the train. In determining this question, the jury must consider the probability of this set of facts. If the jury believes this favorable evidence as outlined above they will have to find from this same evidence that the plaintiff's son traveled a distance of some 100 feet during a period of at least 5 seconds while the train was passing directly in front of him. The jury should determine whether or not, by the exercise of such care as his mental and physical capacity fitted him for exercising, the plaintiff's son should have seen the train as it was passing directly in front of him and whether or not he should have seen it in time to stop. As to the capacity of a child between 7 and 14, when the case is submitted to the jury "there is no presumption one way or the other, and the jury must find from the evidence whether the child had sufficient capacity at the time of the accident to know the danger, and to observe due care for its own protection. If it has such capacity and voluntarily goes into danger or to a dangerous place, it cannot recover; otherwise it can. *Young v. Railroad,* 81 *Ga.* 397, s. c. 83 *Ga.* 512. It depends altogether upon the capacity of the child at the time of the injury. The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the child." *Central R. & Bkg. Co. v. Rylee,* 87 Ga. 491, 495 (13 SE 584). See also *Savannah, Florida &c. R. Co. v. Smith,* 93 Ga. 742, 746 (21 SE 157), and *Brewer v. Gittings,* 102 Ga. App. 367, 373 (116 SE2d 500).

In order to hold that a verdict notwithstanding the mistrial should have been granted we would have to contradict the testimony of the plaintiff's son that he did not see the train until he was 13½ feet away and say that he did, *as a matter of law,* see the train in time to stop and could have stopped if he had only exercised that care for his own safety which his mental and physical capacity fitted him for exercising. This we cannot do.

The evidence not demanding a verdict in favor of the defend-

ants on the two issues which we have discussed above but rather making issues of fact for the jury, the trial judge did not err in refusing to grant a judgment notwithstanding the mistrial and it was error for the Court of Appeals to reverse the judgment of the trial court.

*Judgment reversed.   All the Justices concur.*