### 40522. ATLANTIC COAST LINE RAILROAD COMPANY v. HEATH, by Next Friend.

PANNELL, Judge. 1. "The amendment to the Code, § 6-806, by the Act of 1946 (Ga. L. 1946, p. 726), making certain changes in our law of appellate procedure, is construed to mean that, where the trial judge's certificate to a bill of exceptions varies from the form as contained in § 6-806, the language of his certificate cannot, *merely by implication,* be construed as being a denial of the truth of any part of the bill; but the

language of the certificate shall be construed as a verification of the contents of the bill unless it *affirmatively appears* to be a denial of the truth of some part thereof." *W. T. Rawleigh Co. v. Forbes,* 202 Ga. 425 (1) (43 SE2d 642); *Crumley v. Hall,* 202 Ga. 588 (1) (43 SE2d 646). Accordingly, a bill of exceptions is not conditionally certified where the certificate, after having asserted that the bill of exceptions is true, recites that all the record necessary is specified, and the judge adds, "except" designated pleadings. *Johnson v. Giraud,* 191 Ga. 577 (1) (13 SE2d 365); *Harris v. Lumpkin,* 136 Ga. 47 (1) (70 SE 869).

2. Where a number of witnesses testify positively that a train whistle was blown on the occasion in question, and plaintiff, suing by next friend, when asked, "Did you hear the whistle?" answered, "Not that I remember," such answer is equivalent to testifying that he did not hear the train whistle, *Franklin v. Mayor &c. of Macon,* 12 Ga. 257 (2), *Mimbs v. State,* 2 Ga. App. 387, 388 (2) (58 SE 499), *Saliba v. Saliba,* 202 Ga. 791, 806 (44 SE2d 744), and the question at issue thus being supported on one side by positive evidence and on the other side by negative evidence, is issuable and not to be determined by the court as a matter of law. *Climer v. Southern R. Co.,* 43 Ga. App. 650 (1, 2) (159 SE 782), and cits.; *Hunter v. State,* 4 Ga. App. 761 (1) (62 SE 466); *Pendergrast v. Greeson,* 6 Ga. App. 47 (64 SE 282); *Peak v. State,* 5 Ga. App. 56 (62 SE 665).

3. The question as to whether the whistle was blown in the present case being a question for the jury, and the evidence in this case in other particulars which might affect the application of the rule in headnote 2 being substantially the same as that in the case of *Heath v. Charleston &c. R. Co.,* 218 Ga. 786 (130 SE2d 712), reversing *Charleston &c. R. Co. v. Heath,* 107 Ga. App. 23 (129 SE2d 92), holding that the jury was authorized to find that a failure to comply with the Blow Post Law could have been the proximate cause of the injury, and being bound by this decision, we must hold that the trial court did not err in overruling the motion by the defendant for a judgment notwithstanding the verdict for the plaintiff.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED MARCH 11, 1964—REHEARING DENIED
MARCH 24, 1964.

*Cumming, Nixon, Eve, Waller & Capers, Joseph B. Cumming,* for plaintiff in error.

*Randall Evans, Jr.,* contra.