## 47430.  SEABOARD COAST LINE RAILROAD COMPANY et al. v. MITCHAM.

DEEN, Judge. The plaintiff Mitcham, driving an automobile which was pulling a boat and trailer within the city limits of Ludowici, sustained a grade crossing collision with a train operated by the defendant at approximately 10:30 p.m. He sued the railroad and Coward the engineer. The case was eventually called for trial and at the conclusion of the plaintiff's evidence the defendants moved for, and were denied, a directed verdict. At this point Coward was stricken with a sudden illness which eventually proved fatal. A motion for mistrial based on his inability to appear and testify was granted and thereafter the defendants moved for judgment notwithstanding the mistrial, the denial of which is the subject matter of this appeal.

It appears substantially uncontradicted from the plaintiff's evidence that the railroad crossing was a double track at right angles to the road; that the train was approaching on the farther track with headlights burning; that the night was clear; that from a point 50 feet from the track there was a view of the track some 700 to 800 feet in the direction of the approaching locomotive (some witnesses testifying to the presence of bushes and trees beside the road and the railroad right of way which could obstruct vision, and of a toolhouse some 20 to 30 feet from the rails); that the plaintiff's witnesses did not see or hear and were convinced that the train did not sound a horn or whistle, in violation of the statutory require-

ment to do so at crossings within the city limits; that the train traveled approximately ⅔ of a mile beyond the crossing before being brought to a halt, and that, according to the operator and two passengers in the car they did in fact stop prior to entering on the tracks, proceeding at a very slow rate of speed because of the boat and trailer attached, and that none of them saw or heard anything on the track. There is no firm evidence of the speed of the train. The occupants of the car first became aware of its presence when it was less than 150 feet away. There is no firm evidence that the locomotive was violating the local speed limit. *Held:*

1. It is first contended that the evidence shows the plaintiff's negligence to have been the sole proximate cause of the disaster under the provisions of *Code* § 105-603 which requires him to use due care for his own safety and of *Code Ann.* § 68-1661 which requires the driver to stop between 15 and 50 feet of a grade crossing and not proceed until he can do so safely when "an approaching train is plainly visible and is in hazardous proximity to such crossing." Whenever a collision occurs it is necessary for the objects involved to have been in hazardous proximity to each other immediately prior thereto; thus, the event makes plain that crossing under the exact conditions obtaining could not have been done safely. But it cannot be *necessarily* argued from such facts that, assuming the operator in fact stopped as required, that the train was "plainly visible." We must assume in favor of the plaintiff that since he is not charged with an attempt to commit suicide, if he had been aware of the presence of the train he would not have run into its path. If, as they testified, the driver and other occupants of the vehicle did in fact stop and look and they were neither deaf nor blind, why was not the train plainly visible to them? The obstructions testified to appear slight; nevertheless, they existed, and the plaintiff did, according to his evidence, look, see nothing, and enter upon the track. The evidence raises an inference of negligence against the

defendants. *Climer v. Southern R. Co.,* 43 Ga. App. 650 (159 SE 782); *Atlantic C. L. R. Co. v. Heath,* 109 Ga. App. 422 (136 SE2d 387). The test, as stated in a case involving a similar statute is that "in determining whether the fact situation is such as to call the statutory duty into existence, we should not hold the motorist to greater wisdom or better judgment than a reasonably prudent person, similarly situated, would exercise. Accordingly, we apply the objective common-law test of the reasonably prudent man and hold that before it can be said in a given case that an approaching train was 'plainly visible' as a matter of law, it must appear as a matter of law that a reasonably prudent person, situated as was the motorist and exercising ordinary care for his own safety, should have seen it." Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 76 (291 SW2d 931).

The appellants contend that "where one looks and fails to see that which is plainly there to be seen, he has not looked." This may well be a conclusion to be drawn by a jury, but only rarely may it be drawn by an appellate court, and never where there is evidence, even though skimpy, that obstructions did exist along the roadway and the railroad right of way. See *Seaboard C. L. R. Co. v. Zeigler,* 120 Ga. App. 276, 279 (170 SE2d 60). Of course, if no obstructions existed, if the train was in fact actually visible, and if Mitcham actually saw it or in the exercise of ordinary care should have seen it, then he cannot recover. *Hoover v. Seaboard A. L. R. Co.,* 107 Ga. App. 342 (130 SE2d 247); *Lord v. Southern R. Co.,* 70 Ga. App. 273 (28 SE2d 299). Mitcham swore that he did stop, look and listen; his testimony is corroborated; no one contends that he in fact saw the train and attempted to beat it across the crossing or that he was traveling at any appreciable rate of speed. It is for the jury and not this court to say, if the train was not perfectly visible to him, why this was so and whether it reveals an absence of ordinary care on his part. *Atlanta & W. P. R. Co. v. McCord,* 54 Ga. App. 811, 813 (189 SE 403).

2. This court limits its review of the motion for judgment notwithstanding the verdict to those grounds raised by the motion for a directed verdict made at the close of the plaintiff's evidence. *Crown Carpet Mills v. C. E. Goodroe Co.,* 108 Ga. App. 327 (132 SE2d 824). The motion contended that there was no proof of any negligence on the part of the defendants and that all of the evidence demanded the legal conclusion that the injury was due solely to the plaintiff's negligence. Since we have determined that these matters cannot be decided as a matter of law, it follows that the denial of the motion for judgment notwithstanding the mistrial must be affirmed.

*Judgment affirmed. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 22, 1972.

*Bouhan, Williams & Levy, Frank W. Seiler, Leamon R. Holliday, III,* for appellants.

*Richard D. Phillips,* for appellee.